ON APPLICATION FOR LEAVE TO FILE MOTION TO VACATE JUDGMENT AND SENTENCE
Larry Eugene Mann filed an application for leave to file motion to vacate judgment and sentence for burglary in the Circuit Court of Jackson County, Mississippi, on February 4, 1974. The conviction and sentence to serve nine years in the Mississippi Department of Corrections were affirmed by this Court, reported as Mann v. State, 309 So.2d 518 (Miss. 1975). The sentence has been fully executed, and the defendant was paroled from the Mississippi Department of Corrections in 1978.
Among petitioner's claims for relief is the contention that petitioner was deprived of effective assistance of counsel. This Court finds that petitioner's allegations fail, as directed byStrickland v. Washington, to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."446 U.S. 668, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984).
Additionally, many other claims are raised by this petition for post conviction relief, the answers to which are controlled by Miss. Code Ann. § 99-39-21(1) which provides:
 Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial or on direct appeal . . . shall constitute a waiver thereof and shall be procedurally barred. . . .
Therefore, the following claims are procedurally barred and not subject to further review:
(1) conviction and sentence are premised on a statute that is unconstitutional;
(2) double jeopardy;
(3) denial of due process in the presentation of incompetent testimony;
(4) deprivation of right to testify in his own behalf;
(5) erroneous exclusion of exculpatory evidence;
(6) failure to grant a change of venue;
(7) judicial misconduct;
(8) unconstitutionally unreliable identification.
Another assigned ground for relief challenges the sufficiency of the evidence. On direct appeal, petitioner challenged the weight and sufficiency of the evidence. The judgment to affirm his conviction, Mann v. State, 309 So.2d 518 (Miss. 1975), renders this issue res judicata. It cannot be relitigated. Miss. Code Ann. § 99-39-21(3) (Supp. 1985).
As a final claim, petitioner asserts that newly discovered evidence shows that a crime "of identical character" proving petitioner's innocence was committed after petitioner's conviction was affirmed. This Court finds this issue to be without merit. *Page 912 
Petitioner's application for leave to file motion to vacate judgment and sentence is without merit and is hereby denied.