496 So.2d 667 (1986)
Stanley D. RIDEOUT
v.
STATE of Mississippi.
Misc. No. 2144.
Supreme Court of Mississippi.
September 3, 1986.
Rehearing Denied September 24, 1986.
Stanley D. Rideout, pro se.
Edwin Lloyd Pittman, Atty. Gen. by DeWitt Allred, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, C.J., and PRATHER and GRIFFIN, JJ.

ON APPLICATION FOR LEAVE TO FILE MOTION TO VACATE JUDGMENT AND SENTENCE
PRATHER, Justice, for the Court:
Stanley Rideout filed an application for leave to file a motion and motion to vacate judgment and sentence for burglary in the Circuit Court of Rankin County, Mississippi. The conviction and sentence to seven (7) years as an habitual criminal were affirmed by this Court on June 4, 1986. Rideout v. State, 488 So.2d 1344 (Miss. 1986).
The petitioner alleged the following grounds in support of his motion:
(A) There was no preponderance of evidence to support the jury's verdict as the only evidence offered into court was a plaster cast of a shoe print.
(B) The testimony offered into court by the state's witnesses, the alleged co-indictees, was contrary, ambiguous and did not support the state's case, nor the verdict of the jury.
(C) There was no cross-section of the community of the jury's composition as it was an all white jury.
(D) The seven (7) year sentence imposed upon the petitioner under an habitual criminal proceeding was in violation of the Eighth Amendment, inflicting cruel and unusual punishment upon the petitioner.
In Rideout v. State, 488 So.2d 1344 (Miss. 1986), the only error alleged on appeal was that the trial court erred in failing *668 to grant defendant's motion for a directed verdict at the conclusion of the state's case. Rideout v. State, supra, was affirmed per curiam so this argument was not well taken.
On application for leave to file a motion to vacate judgment and sentence, petitioner rephrases in A and B, issues that were seemingly addressed on direct appeal. In the lower court, evidence presented to the jury included (1) a plaster cast footprint similar to the shoes worn by petitioner, and (2) the testimony of two co-indictees who both testified to petitioner's assistance in committing the crime. The jury found petitioner guilty as charged. Once the jury has returned a verdict of guilty in a criminal case, we are not at liberty to direct that the defendant be discharged short of a conclusion on our part that given the evidence, taken in the light most favorable to the verdict, no reasonable, hypothetical juror could find beyond a reasonable doubt that the defendant was guilty. May v. State, 460 So.2d 778, 780 (Miss. 1984); Pearson v. State, 428 So.2d 1361, 1364 (Miss. 1983). Issues alleged in A and B are barred by res judicata.
In C petitioner challenges the composition of the jury, alleging that since all jurors were white, he was denied an impartial jury guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution. This was not alleged on direct appeal. Furthermore, there is no information or document in the record to indicate the race of the jurors. The petitioner fails to assert any facts to support a systematic or intentional exclusion of any group by court officials to deny petitioner a jury drawn from a cross section of the community as required in Taylor v. Louisiana, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975).
In D petitioner alleges that a seven (7) year sentence is in violation of the Eighth Amendment. As in C this issue was not alleged on direct appeal. Documentation presented to the judge for sentencing in the trial court indicated that petitioner had been convicted on two previous occasions for grand larceny and business burglary and was sentenced to separate terms of one year or more in the state penal institution. Consequently, petitioner should be sentenced to the maximum term of imprisonment prescribed for such a felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation. Miss. Code Ann. § 99-19-81 (Supp. 1985), § 97-17-33 (1972). This issue is without merit.
Motion for application for leave to file motion to vacate judgment and sentence is hereby denied by this Court.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P. JJ., and DAN M. LEE, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.