614 So.2d 888 (1992)
Carl Daniel LOCKETT
v.
STATE of Mississippi.
No. 03-DP-64.
Supreme Court of Mississippi.
October 1, 1992.
Rehearing Denied December 10, 1993.
*890 Rebecca L. Wiggs, Watkins & Eager, Jackson, for petitioner.
Michael C. Moore, Atty. Gen., Marvin L. White, Jr., Asst. Atty. Gen., Charlene R. Pierce, Sp. Asst. Atty. Gen., Jackson, for respondent.
En Banc.
DAN M. LEE, Presiding Justice, for the Court:

I.
On December 13, 1985, John Calhoun and his wife, Geraldine, were murdered. The Grand Jury for the Circuit Court of Rankin County returned two (2) indictments against Carl Daniel Lockett, one for each of the murders. Following a change of venue to the Circuit Court of Jackson County, Lockett was subjected to two (2) trials  first for the murder of John, followed by trial for the murder of Geraldine. This Opinion concerns Lockett's post-conviction application for relief from the conviction and death sentence imposed for the murder of John Calhoun  DP-64  Lockett I.[1]

*891 II.
Lockett was found guilty of murdering John Calhoun and sentenced to death based on the unanimous finding of four (4) aggravating factors:
1. The capital offense was committed for pecuniary gain.
2. The capital offense was especially heinous, atrocious or cruel.
3. The capital offense was committed by a person under sentence of imprisonment.
4. The capital offense was committed while defendant was engaged in burglary, robbery, and/or kidnapping, or in an attempt to commit one or more of such crimes.
Lockett timely appealed his conviction and sentence to this Court on the following claims:
1. The admission of evidence seized pursuant to an invalid search warrant that was issued by a partial magistrate and was never served upon the occupant of the house searched, and pursuant to a warrantless arrest within his house, violated Lockett's rights under the fourth amendment.
2. The confessions introduced against Lockett at trial were both involuntary and the fruit of the illegal search, seizure and arrest.
3. When Lockett was brought into the courtroom before the jury in shackles, he was denied his right to due process.
3A. The introduction throughout both phases of Lockett's trial of evidence and argument concerning a distinct crime of murder, and other crimes, deprived Lockett of his rights under the constitutions of this State and of the United States.
4. The State's abuse of its peremptory challenges to exclude all the blacks from Lockett's jury deprived him of his right to a representative jury and to due process of law.
5. The impartiality of the venire selected to try Lockett was reasonably questioned when it became apparent that there were many close associates of law enforcement on it.
6. The charge of capital murder was unacceptably duplicitous, a fault incurred by the jury verdict.
7. The submission to the jury of the aggravating circumstance alleging the commission of a murder in the course of a burglary, robbery and/or a kidnaping denied Lockett his constitutional rights.
7A. The trial court erred in submitting to the jury the aggravating circumstance of a murder committed while under sentence of imprisonment.
8. The submission of the aggravating circumstance of heinous, atrocious and cruel denied Lockett his rights under the constitutions of this state and the United States.
9. The submission of the aggravating circumstance of pecuniary gain constituted double jeopardy, and failed meaningfully to narrow the class of persons eligible for the death sentence.
10. The instructions at the penalty phase deprived Lockett of his rights under the fifth, Sixth, Eighth and fourteenth Amendments to the United States Constitution and Mississippi Law.
11. The prosecution committed misconduct that rendered Lockett's trial fundamentally unfair.
13. (sic) The excusal of venireperson Crear without the showing of predisposition against the death penalty required in Fuselier v. State, 468 So.2d 45 (1985) cannot be squared with Lockett's constitutional rights.
14. The imposition of the death penalty upon a person who does not intend to commit murder violates the eighth amendment to the United States Constitution.
15. The death sentence imposed upon Lockett is disproportionate and was the consequence of emotion and caprice.
On September 30, 1987, this Court, by written opinion, affirmed Lockett's conviction *892 of the murder of John Calhoun and sentence of death in this Court's cause number DP-64. Lockett v. State, 517 So.2d 1317 (Miss. 1987). This Court denied the Petition for Rehearing January 13, 1988. Lockett then filed a petition for writ of certiorari with the United States Supreme Court which was denied June 20, 1988. Lockett v. Mississippi, 487 U.S. 1210, 108 S.Ct. 2858, 101 L.Ed.2d 895 (1988). On August 25, 1988, the United States Supreme Court denied Lockett's petition for rehearing. Lockett v. Mississippi, 487 U.S. 1250, 109 S.Ct. 13, 101 L.Ed.2d 963 (1988).
On December 22, 1988, Lockett filed with this Court the subject of this opinion: his first application for post-conviction relief from conviction and death sentence for the murder of John Calhoun. Lockett seeks post-conviction relief on the following grounds:
1. The trial court erred in admitting a prior conviction as an aggravating circumstance.
2. The trial court erred in failing to suppress an invalid search warrant that was issued by a partial magistrate and was never served upon the occupant of the house searched and the fruits of the illegal search including Lockett's confession.
3. Mr. Lockett was brought into the courtroom in shackles in front of the jury and was thereby denied his right to due process.
4. Petitioner was deprived of his right to effective assistance of counsel at the guilt phase of his trial.
5. Mr. Lockett was denied the effective assistance of counsel at the penalty phase of his trial.
6. The prosecutor's exclusion of all potential black jurors from petitioner's trial creates a prima facie violation of Batson v. Kentucky 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) and Griffith v. Kentucky, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987).
7. Petitioner's sentence of death is tainted by racial prejudice and discrimination in violation of the eighth and fourteenth amendments to the United States Constitution.
8. The Mississippi Supreme Court failed to make a proportionality review of the sentence in this case as required by State law and thereby violated Petitioner's rights.
9. Use of the "especially heinous, atrocious and cruel" aggravating circumstance failed to channel and limit the jury's discretion as required by the eighth amendment.
10. The trial court erred in failing to instruct the jury regarding the burden of proof when weighing aggravating and mitigating circumstances.
11. The stacking of aggravating circumstances deprived petitioner of his rights under the eighth and fourteenth amendments.
12. Admitting evidence of the murder of Geraldine Calhoun for which petitioner had not yet been tried, at the trial for the murder of Mr. Calhoun, deprived petitioner of his rights under the United States and Mississippi Constitutions.
13. Petitioner's Constitutional rights were violated by the exclusion from the jury of persons opposed to the death penalty.
14. The trial court's refusal to grant a mercy instruction deprived petitioner of his rights under the fifth, sixth, eighth, and fourteenth amendments to the United States Constitution and Mississippi law.
15. Mississippi's capital sentencing scheme is unconstitutional when viewed as a whole.
Lockett filed two (2) additional Motions December 22, 1988: (1) Motion for Stay Pending Disposition of Motion to Vacate; and (2) Motion for appointment of counsel and for funds. This Court granted the Motion for Stay December 28, 1988; the motion for appointment of counsel and for funds is *893 still pending and is addressed in this opinion.

III.
The procedural bars of waiver, different theories, and res judicata[2] and the exception thereto as defined in Miss. Code Ann. § 99-39-21(1-5) are applicable in death penalty PCR Applications. Irving v. State, 498 So.2d 305 (Miss. 1986); Evans v. State, 485 So.2d 276 (Miss. 1986). Rephrasing direct appeal issues for post-conviction purposes will not defeat the procedural bar of res judicata. Irving v. State, 498 So.2d 305 (Miss. 1986); Rideout v. State, 496 So.2d 667 (Miss. 1986); Gilliard v. State, 446 So.2d 590 (Miss. 1984). The Petitioner carries the burden of demonstrating that his claim is not procedurally barred. Miss. Code Ann. § 99-39-21(6) (Supp. 1991); Cabello v. State, 524 So.2d 313, 320 (Miss. 1988). However, "an alleged error should be reviewed, in spite of any procedural bar, only where the claim is so novel that it has not previously been litigated, or, perhaps, where an appellate court has suddenly reversed itself on an issue previously thought settled." Irving v. State, 498 So.2d 305, 311 (Miss. 1986).

IV.
Lockett readily admits that some of the PCR claims asserted were raised on direct appeal and decided adversely to him. However, he urges this Court to reconsider precedent governing those issues and address the claims raised because each claim concerns issues still debated in this country's death penalty jurisprudence.
The State contends that all of Lockett's claims, with the exception of the claim of ineffective assistance of trial counsel, are procedurally barred by waiver and/or the doctrine of res judicata, and are void of any showing of cause or actual prejudice. Miss. Code Ann. § 99-39-21(1-6).
Each of the claims raised in the PCR Application are individually addressed.

1. The trial court erred in admitting a prior conviction as an aggravating circumstance.
This claim was raised on direct appeal as assignment 7(A), addressed by this Court on direct appeal and decided adversely to Lockett. Lockett v. State, 517 So.2d 1317, 1336-37 (Miss. 1987). Lockett has not demonstrated a novel claim nor a sudden reversal of law relative to this point which would exempt this claim from the procedural bar. Therefore, this issue is procedurally barred by the doctrine of res judicata pursuant to Miss. Code Ann. § 99-39-21(3) (Supp. 1991). See also Rideout v. State, 496 So.2d 667 (Miss. 1986); Mann v. State, 490 So.2d 910 (Miss. 1986).

2. The trial court erred in failing to suppress an invalid search warrant that was issued by a partial magistrate and was never served upon the occupant of the house searched and the fruits of the illegal search including Lockett's confession.
This claim was raised on direct appeal as assignment 1, addressed by this Court on direct appeal and decided adversely to Lockett. Lockett v. State, 517 So.2d 1317, 1322-28 (Miss. 1987). Lockett has not demonstrated a novel claim nor a sudden reversal of law relative to this point which would exempt this claim from the procedural bar. Therefore, this issue is procedurally barred by the doctrine of res judicata pursuant to Miss. Code Ann. § 99-39-21(3) (Supp. 1991). See also Rideout v. State, 496 So.2d 667 (Miss. 1986); Mann v. State, 490 So.2d 910 (Miss. 1986).

3. Mr. Lockett was brought into the courtroom in shackles in front of the jury and was thereby denied his right to due process.
This claim was raised on direct appeal as assignment 3, addressed by this Court on direct appeal and decided adversely to Lockett. Lockett v. State, 517 So.2d 1317, 1329-30 (Miss. 1987). Lockett has not *894 demonstrated a novel claim nor a sudden reversal of law relative to this point which would exempt this claim from the procedural bar. Therefore, this issue is procedurally barred by the doctrine of res judicata pursuant to Miss. Code Ann. § 99-39-21(3) (Supp. 1991). See also Rideout v. State, 496 So.2d 667 (Miss. 1986); Mann v. State, 490 So.2d 910 (Miss. 1986).

4. Petitioner was deprived of his right to effective assistance of counsel at the guilt phase of his trial.

5. Mr. Lockett was denied the effective assistance of counsel at the penalty phase of his trial.
Lockett had different counsel at trial and on appeal: William O. Townsend of Pearl, Mississippi, and David Clark of Florence, Mississippi at trial  both guilt and penalty phase  Clive A. Stafford Smith of Atlanta, Georgia, on appeal. Lockett had a meaningful opportunity to raise the issue of ineffective trial counsel on direct appeal but did not do so. Furthermore, Lockett has not shown cause nor actual prejudice, nor can he, for not raising this issue on direct appeal. See Wiley v. State, 517 So.2d 1373 (Miss. 1987); Evans v. State, 485 So.2d 276 (Miss. 1986). Therefore, this claim is procedurally barred by waiver pursuant to Miss. Code Ann. § 99-39-21(1) (Supp. 1991).

6. The prosecutor's exclusion of all potential black jurors from petitioner's trial creates a prima facie violation of Batson v. Kentucky and Griffith v. Kentucky.

This claim was raised on direct appeal as assignment 4, addressed by this Court on direct appeal and decided adversely to Lockett. Lockett v. State, 517 So.2d 1317, 1331 (Miss. 1987). Lockett has not demonstrated a novel claim nor a sudden reversal of law relative to this point which would exempt this claim from the procedural bar. Therefore, this issue is procedurally barred by the doctrine of res judicata pursuant to Miss. Code Ann. § 99-39-21(3) (Supp. 1991). See also Rideout v. State, 496 So.2d 667 (Miss. 1986); Mann v. State, 490 So.2d 910 (Miss. 1986).

7. Petitioner's sentence of death is tainted by racial prejudice and discrimination in violation of the eighth and fourteenth amendments to the United States Constitution.
Lockett claims that the jury decided to sentence him to death simply because he is black and the victim was white. In support of this claim, Lockett presents a June, 1985 unpublished statistical study entitled "Factors Affecting Death Penalty Decisions in Mississippi" which concludes that, in Mississippi, the perpetrator is almost five times as likely to receive death when the victim is white rather than black. Lockett connects this claim with the immediately preceding claim of Batson violation.
Lockett could have raised the issue of racial prejudice and discrimination on direct appeal but did not do so. Therefore, this claim is procedurally barred by waiver unless Lockett has shown cause or actual prejudice in accordance with Miss. Code Ann. § 99-39-21(4), (5).
Lockett has not alleged nor shown cause nor actual prejudice for not raising this issue on direct appeal. See Wiley v. State, 517 So.2d 1373 (Miss. 1987); Evans v. State, 485 So.2d 276 (Miss. 1986). Therefore, this claim is procedurally barred by waiver pursuant to Miss. Code Ann. § 99-39-21(1) (Supp. 1991).

8. The Mississippi Supreme Court failed to make a proportionality review of the sentence in this case as required by State law and thereby violated Petitioner's rights.
Lockett contends that this Court failed to review his sentence of death appropriately, that is, in accordance with Miss. Code Ann. § 99-19-105(3)(c) (Supp. 1986). Specifically, Lockett claims (1) the Court failed to compare his case with any other case; (2) the Court failed to conduct a meaningful proportionality review by reciting all prior death cases as an appendix to the opinion; and (3) failure to give a more detailed proportionality review which would have resulted *895 in the reversal of the sentence of death.
Section 99-19-105(3)(c) provides that when reviewing a sentence of death, this Court "shall determine ... [w]hether the sentence of death is excessive or disproportionate to the penalty imposed in similar cases, considering both the crime and the defendant." A review of the opinion in this case shows that the Court did, in fact, follow the statutory mandates in affirming the sentence of death, and considered all prior death cases presented to the Court. As evidence of the proportionality review and compliance with the statutory provisions, in addition to stating that past death penalty cases were considered in the proportionality review, a list of all cases considered was attached at the end of the opinion in Lockett I as "Appendix A":
Lockett finally argues that the death sentence imposed upon him is disproportionate due to the fact that he is young, from a deprived background, has no significant criminal history, was convicted of a crime for which no motive appears and which was the product of schizophrenia. Further, fundamental constitutional errors in the trial and sentence requires that his death sentence be set aside.
A review of past death penalty cases indicates that the death penalty, if no constitutional error is found in Lockett's trial, is not disproportionate to the sentence. See Jones v. State, 517 So.2d 1295 (Miss. 1987) (Appendix "A").
Lockett, 517 So.2d at 1338. Accordingly, this assignment is without merit.

9. Use of the "especially heinous, atrocious and cruel" aggravating circumstance failed to channel and limit the jury's discretion as required by the eighth amendment.
This assignment was raised on direct appeal as assignment 8, addressed by this Court on direct appeal and decided adversely to Lockett. Lockett v. State, 517 So.2d 1317, 1337 (Miss. 1987). Lockett has not demonstrated a novel claim or a sudden reversal of law relative to this point which would exempt this claim from the procedural bar. Therefore, this issue is procedurally barred by the doctrine of res judicata pursuant to Miss. Code Ann. § 99-39-21(3) (Supp. 1991). See also Rideout v. State, 496 So.2d 667 (Miss. 1986); Mann v. State, 490 So.2d 910 (Miss. 1986).
However, Lockett claims an exception to the procedural bar: reversal of law evidenced by the intervening decisions of Maynard v. Cartwright, 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988), Clemons v. Mississippi, 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990) and McKoy v. North Carolina, 494 U.S. 433, 110 S.Ct. 1227, 108 L.Ed.2d 369 (1990) which require that the sentence of death be set aside for failure to grant a proper limiting instruction regarding the "especially heinous, atrocious and cruel" aggravating circumstance and, in McKoy, erroneously instructing the jury that they must unanimously agree on mitigating circumstances. The State contends (1) this claim is procedurally barred; (2) the trial court granted an explanatory instruction recommended in Mhoon v. State, 464 So.2d 77 (Miss. 1985) and approved in Maynard v. Cartwright, 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988); and (3) "even if this claim were not barred it is frivolous."
Maynard v. Cartwright, 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988), holds that the use of the "especially heinous, atrocious, or cruel" aggravating circumstance without a limiting instruction violates the eighth and fourteenth amendments to the United States constitution. See also Clemons v. Mississippi, 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990). This Court has determined that the remedy on remand for such a violation is to vacate the sentence and remand for new sentencing trials. See Clemons v. State, 593 So.2d 1004 (Miss. 1992) (Clemons on remand); Shell v. State, 595 So.2d 1323 (Miss. 1992) (on remand from United States Supreme Court); Jones v. State, 602 So.2d 1070, (1992) (not yet reported). However, Clemons on remand, Shell and Jones imply that if the jury is given an instruction which properly defines the especially heinous aggravating instruction, reversal would not be warranted.
*896 In Mississippi, the proper instruction defining the especially heinous aggravating factor comes from Coleman v. State, 378 So.2d 640, 648 (Miss. 1979): "the actual commission of the capital felony was accompanied by such additional acts as to set the crime apart from the norm of capital felonies  the conscienceless or pitiless crime which is unnecessarily torturous to the victim." Lockett received such an instruction at his sentencing trial in Sentencing Instruction 2: "The Court instructs the Jury that the term `especially heinous, atrocious, or cruel', as used elsewhere in these instructions is defined as being a conscienceless or pitless [sic] crime which is unecessarily [sic] torturous to the victim." The instruction, as given, tracks the Coleman language. Therefore, the jury in Lockett's case was properly instructed on the especially heinous aggravating factor. This claim is without merit.
McKoy held that North Carolina's capital sentencing scheme, which prevented the jury from considering any mitigating factor that the jury had not unanimously found to exist, violated the United States Constitution. Lockett's reliance upon this theory is erroneous, for Mississippi does not so limit the jury in their deliberations and consideration of the death penalty. This claim is without merit.

10. The trial court erred in failing to instruct the jury regarding the burden of proof when weighing aggravating and mitigating circumstances.
Lockett admits that this assignment was raised on direct appeal and decided adversely to him. In fact, this claim was raised on direct appeal as assignment 10, addressed by this Court on direct appeal and decided adversely to Lockett. Lockett v. State, 517 So.2d 1317, 1338 (Miss. 1987). Lockett has not demonstrated a novel claim nor a sudden reversal of law relative to this point which would exempt this claim from the procedural bar. Therefore, this issue is procedurally barred by the doctrine of res judicata pursuant to Miss. Code Ann. § 99-39-21(3) (Supp. 1991). See also Rideout v. State, 496 So.2d 667 (Miss. 1986); Mann v. State, 490 So.2d 910 (Miss. 1986).

11. The stacking of aggravating circumstances deprived petitioner of his rights under the eighth and fourteenth amendments.
This claim concerns the submission of the aggravating circumstance of pecuniary gain. Lockett contended on appeal, as he does again here, that the aggravating circumstance of pecuniary gain constitutes stacking. Lockett readily admits that this claim was raised on direct and decided adversely to him; he simply asks the Court to reconsider its position.
This claim was raised on direct appeal as assignment 9, addressed by this Court on direct appeal and decided adversely to Lockett. Lockett v. State, 517 So.2d 1317, 1337-38 (Miss. 1987). Lockett has not demonstrated a novel claim nor a sudden reversal of law relative to this point which would exempt this claim from the procedural bar. Therefore, this issue is procedurally barred by the doctrine of res judicata pursuant to Miss. Code Ann. § 99-39-21(3) (Supp. 1991). See also Rideout v. State, 496 So.2d 667 (Miss. 1986); Mann v. State, 490 So.2d 910 (Miss. 1986).

12. Admitting evidence of the murder of Geraldine Calhoun for which petitioner had not yet been tried, at the trial for the murder of Mr. Calhoun, deprived petitioner of his rights under the United States and Mississippi Constitutions.
This claim was raised on direct appeal as assignment 3(A), addressed by this Court on direct appeal and decided adversely to Lockett. Lockett v. State, 517 So.2d 1317, 1330-31 (Miss. 1987). Therefore, this issue is procedurally barred by the doctrine of res judicata pursuant to Miss. Code Ann. § 99-39-21(3) (Supp. 1991). See also Rideout v. State, 496 So.2d 667 (Miss. 1986); Mann v. State, 490 So.2d 910 (Miss. 1986).

13. Petitioner's Constitutional rights were violated by the exclusion from the jury of persons opposed to the death penalty.
This claim was raised on direct appeal as assignment 13, addressed by this *897 Court on direct appeal and decided adversely to Lockett. Lockett v. State, 517 So.2d 1317, 1334-35 (Miss. 1987). Lockett has not demonstrated a novel claim nor a sudden reversal of law relative to this point which would exempt this claim from the procedural bar. Therefore, this issue is procedurally barred by the doctrine of res judicata pursuant to Miss. Code Ann. § 99-39-21(3) (Supp. 1991). See also Rideout v. State, 496 So.2d 667 (Miss. 1986); Mann v. State, 490 So.2d 910 (Miss. 1986).

14. The trial court's refusal to grant a mercy instruction deprived petitioner of his rights under the fifth, sixth, eighth, and fourteenth amendments to the United States Constitution and Mississippi law.
This claim was raised on direct appeal as assignment 10, addressed by this Court on direct appeal and decided adversely to Lockett. Lockett v. State, 517 So.2d 1317, 1338 (Miss. 1987). Lockett has not demonstrated a novel claim nor a sudden reversal of law relative to this point which would exempt this claim from the procedural bar. Therefore, this issue is procedurally barred by the doctrine of res judicata pursuant to Miss. Code Ann. § 99-39-21(3) (Supp. 1991). See also Rideout v. State, 496 So.2d 667 (Miss. 1986); Mann v. State, 490 So.2d 910 (Miss. 1986).

15. Mississippi's capital sentencing scheme is unconstitutional when viewed as a whole.
This issue was capable of determination at trial and/or on direct appeal, but was not raised. Therefore, this claim is procedurally barred by waiver unless Lockett has shown cause or actual prejudice in accordance with Miss. Code Ann. § 99-39-21(4), (5).
Lockett has not alleged nor shown cause nor actual prejudice for not raising this issue on direct appeal. See Wiley v. State, 517 So.2d 1373 (Miss. 1987); Evans v. State, 485 So.2d 276 (Miss. 1986). Therefore, this claim is procedurally barred by waiver pursuant to Miss. Code Ann. § 99-39-21(1) (Supp. 1991). Additionally, this claim lacks merit because this Court has previously determined that Mississippi's capital sentencing scheme, as a whole, is constitutional. See Billiot v. State, 454 So.2d 445 (Miss. 1984); Smith v. State, 419 So.2d 563 (Miss. 1982); Jones v. State, 381 So.2d 983 (Miss. 1980); Coleman v. State, 378 So.2d 640 (Miss. 1979).
None of the claims Lockett presents in his Application for post-conviction relief warrant the granting of the Application. Therefore, Lockett's Application for post-conviction relief is denied.

V.
In addition to his PCR Application, Lockett has filed a Motion for Appointment of Counsel and For Funds for an Expert. Lockett is seeking the appointment of counsel for the post-conviction procedures and the appropriation of $450.00 for psychiatric testing which he claims will show (1) his trial counsel was ineffective, (2) he is incapable of assisting in his PCR defense and (3) he is not competent to be executed. The State has not addressed this Motion.
Lockett acknowledges that under the PCR Act this Court lacks authority to appoint counsel, provide funds for expert assistance, or provide subpoena power. However, Lockett argues that this lack of authority denies him the opportunity to effectively investigate his post-conviction claims and, therefore, his due process and equal protection rights under the 14th amendment to the United States Constitution, as well as this Court's inherent powers to control judicial proceedings, have been violated.
Lockett's argument for counsel lacks merit. "The State is not required to subsidize `fishing expeditions' at the collateral review stage merely because the petitioner is indigent." Fleming v. State, 553 So.2d 505, 508 (Miss. 1989). "In any event, a criminal defendant has neither a state nor federal constitutional right to appointed counsel in post-conviction proceedings. [citations omitted]." Moore v. State, 587 So.2d 1193, 1195 (Miss. 1991).
*898 In addition to requesting counsel, Lockett is asking this Court to authorize funds for additional psychiatric testing, the results of which would presumably  hopefully  provide additional grounds for post-conviction relief. Lockett claims that the results of such testing would prove that he is not competent to be executed.
Apparently Lockett is an epileptic who suffers blackouts, seizures and convulsions on a fairly regular basis; he has also attempted suicide on two (2) occasions since his incarceration. Certainly Lockett would be entitled to a hearing on the issue of his sanity prior to execution. Lanier v. State, 533 So.2d 473 (Miss. 1988); Billiot v. State, 515 So.2d 1234 (Miss. 1987). At this juncture, however, he is seeking this examination in hopes of finding evidence to support his collateral attack, and he wants the State to pay for the examination. As previously noted, the State is not required to pay for an indigent petitioner's fishing expeditions on collateral relief. Fleming v. State, 553 So.2d 505, 508 (Miss. 1989). The Motion for Appointment of Counsel and for Funds for an Expert is denied.
APPLICATION FOR POST-CONVICTION RELIEF DENIED. MOTION FOR APPOINTMENT OF COUNSEL AND FOR FUNDS FOR AN EXPERT DENIED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, SULLIVAN, BANKS and McRAE, JJ., concur.
PITTMAN, J., not participating.
ROBERTS, J., not participating according to Supreme Court Internal Rules.
NOTES
[1] Lockett has also filed a post-conviction application regarding his conviction and death sentence for the murder of John's wife, Geraldine Calhoun, this Court's cause number DP-67  Lockett II. On November 28, 1988, this Court overruled Lockett's Motion for consolidation of his two (2) cases for post-conviction review and therefore, Lockett II is the subject of a companion opinion.
[2] In actuality, this issue is barred by collateral estoppel. See Jordan v. State, 577 So.2d 368, 369 (Miss. 1990). However, since the Legislature has identified this procedural bar as the "doctrine of res judicata," we adhere to that terminology.