614 So.2d 898 (1992)
Carl Daniel LOCKETT
v.
STATE of Mississippi.
No. 03-DP-67.
Supreme Court of Mississippi.
October 1, 1992.
Rehearing Denied December 10, 1993.
*900 Rebecca L. Wiggs, Watkins & Eager, Jackson, for petitioner.
Michael C. Moore, Atty. Gen., Marvin L. White, Jr., Asst. Atty. Gen., Charlene R. Pierce, Sp. Asst. Atty. Gen., Jackson, for respondent.
En Banc.
DAN M. LEE, Presiding Justice, for the Court:

I.
On December 13, 1985, John Calhoun and his wife, Geraldine, were murdered. The Grand Jury for the Circuit Court of Rankin County returned two (2) indictments against Carl Daniel Lockett, one for each of the murders. Following a change of venue to the Circuit Court of Jackson County, Lockett was subjected to two (2) trials  first for the murder of John, followed by trial for the murder of Geraldine. This opinion, the companion to Lockett I, concerns Lockett's first post-conviction application for relief from the conviction and death sentence imposed for the murder of Geraldine Calhoun  DP-67  Lockett II.

II.
Lockett was found guilty of murdering Geraldine Calhoun and sentenced to death based on the unanimous finding of three (3) aggravating factors:
1. The capital offense was committed by a person under sentence of imprisonment.
2. The capital offense committed while the defendant was engaged in the commission or an attempt to commit, and flight after committing robbery, burglary and kidnapping.
3. The capital offense was especially heinous, atrocious or cruel.
Lockett timely appealed his conviction and sentence to this Court on the following claims:
1. The State's racially discriminatory abuse of peremptory challenges violated Mr. Lockett's rights to a representative jury and equal protection under the sixth and fourteenth amendments.
2. The admission of evidence seized pursuant to an invalid search warrant that was issued by a partial magistrate and was never served upon the occupant of the house searched, and pursuant to a warrantless arrest within his house, violated Mr. Lockett's rights under the fourth amendment.
3. The confessions introduced against Lockett at trial were both involuntary *901 and the fruit of the illegal search, seizure and arrest.
4. The introduction throughout both phases of Lockett's trial of evidence and argument concerning a distinct crime of murder, and other crimes, deprived Lockett of his rights under the constitutions of this State and of the United States.
5. The trial court erred in submitting to the jury the aggravating circumstance of a murder committed while under sentence of imprisonment.
6. The charge on capital murder was unacceptably duplicitous.
7. The submission of the same underlying felonies used to elevate the charge to capital murder to elevate it once more in the penalty phase contravened the proscription against double jeopardy.
8. The instructions at the penalty phase deprived Mr. Lockett of his rights under the fifth, sixth, eighth and fourteenth amendments to the United States Constitution and Mississippi law.
9. The prosecutor's closing argument at the penalty phase injected the impermissible element of Mr. Lockett's parole eligibility, at a point when he was precluded from rebutting the prosecution's theory.
10. The death sentence imposed upon Mr. Lockett is disproportionate and was the consequence of emotion and caprice.
On September 30, 1987, this Court, by written opinion, affirmed Lockett's conviction of the murder of Geraldine Calhoun and sentence of death in this Court's cause number DP-67. Lockett v. State, 517 So.2d 1346 (Miss. 1987). This Court denied the Petition for Rehearing January 13, 1988. Lockett then filed a petition for writ of certiorari with the United States Supreme Court which was denied June 20, 1988. Lockett v. Mississippi, 487 U.S. 1210, 108 S.Ct. 2858, 101 L.Ed.2d 895 (1988). On August 25, 1988, the United States Supreme Court denied Lockett's petition for rehearing. Lockett v. Mississippi, 487 U.S. 1250, 109 S.Ct. 13, 101 L.Ed.2d 963 (1988).
On December 22, 1988, Lockett filed with this Court the subject of this Memorandum: his first application for post-conviction relief from conviction and death sentence for the murder of Geraldine Calhoun. Lockett seeks post-conviction relief on the following grounds:
1. The trial court erred in admitting a prior conviction as an aggravating circumstance.
2. The trial court erred in failing to suppress an invalid search warrant that was issued by a partial magistrate and was never served upon the occupant of the house searched and the fruits of the illegal search including Lockett's confession.
3. Petitioner was deprived of his right to effective assistance of counsel at the guilt phase of his trial.
4. Mr. Lockett was denied the effective assistance of counsel at the penalty phase of his trial.
5. The prosecutor's exclusion of all potential black jurors from petitioner's trial creates a prima facie violation of Batson v. Kentucky [476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69] and Griffith v. Kentucky [479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649].
6. Petitioner's sentence of death is tainted by racial prejudice and discrimination in violation of the eighth and fourteenth amendments to the United States Constitution.
7. The Mississippi Supreme Court failed to make a proportionality review of the sentence in this case as required by State law and thereby violated Petitioner's rights.
8. Use of the "especially heinous, atrocious and cruel" aggravating circumstance failed to channel and limit the jury's discretion as required by the eighth amendment.
9. The trial court erred in failing to instruct the jury regarding the burden of proof when weighing aggravating and mitigating circumstances.

*902 10. The stacking of aggravating circumstances deprived petitioner of his rights under the eighth and fourteenth amendments.
11. Petitioner's Constitutional rights were violated by the exclusion from the jury of persons opposed to the death penalty.
12. The trial court's refusal to grant a mercy instruction deprived petitioner of his rights under the fifth, sixth, eighth, and fourteenth amendments to the United States Constitution and Mississippi law.
13. Mississippi's capital sentencing scheme is unconstitutional when viewed as a whole.
Lockett filed two (2) additional Motions December 22, 1988: (1) Motion for Stay Pending Disposition of Motion to Vacate; and (2) Motion for appointment of counsel and for funds. This Court granted the Motion for Stay December 28, 1988; the motion for appointment of counsel and for funds is still pending and is addressed in this opinion.

III.
The procedural bars of waiver, different theories, and res judicata[1] and the exception thereto as defined in Miss. Code Ann. § 99-39-21(1-5) are applicable in death penalty PCR Applications. Irving v. State, 498 So.2d 305 (Miss. 1986); Evans v. State, 485 So.2d 276 (Miss. 1986). Rephrasing direct appeal issues for post-conviction purposes will not defeat the procedural bar of res judicata. Irving v. State, 498 So.2d 305 (Miss. 1986); Rideout v. State, 496 So.2d 667 (Miss. 1986); Gilliard v. State, 446 So.2d 590 (Miss. 1984). The Petitioner carries the burden of demonstrating that his claim is not procedurally barred. Miss. Code Ann. § 99-39-21(6) (Supp. 1991); Cabello v. State, 524 So.2d 313, 320 (Miss. 1988). However, "an alleged error should be reviewed, in spite of any procedural bar, only where the claim is so novel that it has not previously been litigated, or, perhaps, where an appellate court has suddenly reversed itself on an issue previously thought settled." Irving v. State, 498 So.2d 305, 311 (Miss. 1986).

IV.
Lockett readily admits that some of the PCR claims asserted were raised on direct appeal and decided adversely to him. However, he urges this Court to reconsider precedent governing those issues and address the claims raised because each claim concerns issues still debated in this country's death penalty jurisprudence.
The State contends that all of Lockett's claims, with the exception of the claim of ineffective assistance of trial counsel, are procedurally barred by waiver and/or the doctrine of res judicata, and are void of any showing of cause or actual prejudice. Miss. Code Ann. § 99-39-21(1-6).
Each of the claims raised in the PCR Application are individually addressed.

1. The trial court erred in admitting a prior conviction as an aggravating circumstance.
This claim was raised on direct appeal as assignment 4, addressed by this Court on direct appeal and decided adversely to Lockett. Lockett v. State, 517 So.2d 1346, 1354-55 (Miss. 1987). Lockett has not demonstrated a novel claim nor a sudden reversal of law relative to this point which would exempt this claim from the procedural bar. Therefore, this issue is procedurally barred by the doctrine of res judicata pursuant to Miss. Code Ann. § 99-39-21(3) (Supp. 1991). See also Rideout v. State, 496 So.2d 667 (Miss. 1986); Mann v. State, 490 So.2d 910 (Miss. 1986).

2. The trial court erred in failing to suppress an invalid search warrant that was issued by a partial magistrate and was never served upon the occupant of the house searched and the fruits of the illegal search including Lockett's confession.
This claim was raised on direct appeal as assignment 2, addressed by this *903 Court on direct appeal and decided adversely to Lockett. Lockett v. State, 517 So.2d 1346, 1354 (Miss. 1987). Lockett has not demonstrated a novel claim nor a sudden reversal of law relative to this point which would exempt this claim from the procedural bar. Therefore, this issue is procedurally barred by the doctrine of res judicata pursuant to Miss. Code Ann. § 99-39-21(3) (Supp. 1991). See also Rideout v. State, 496 So.2d 667 (Miss. 1986); Mann v. State, 490 So.2d 910 (Miss. 1986).

3. Petitioner was deprived of his right to effective assistance of counsel at the guilt phase of his trial.

4. Mr. Lockett was denied the effective assistance of counsel at the penalty phase of his trial.
Lockett had different counsel at trial and on appeal: William O. Townsend of Pearl, Mississippi, and Cullen C. Taylor of Brandon, Mississippi at trial  both guilt and penalty phase  Clive A. Stafford Smith of Atlanta, Georgia, on appeal. Lockett had a meaningful opportunity to raise the issue of ineffective trial counsel on direct appeal but did not do so. Therefore, this claim is procedurally barred by waiver unless Lockett has shown cause or actual prejudice in accordance with Miss. Code Ann. § 99-39-21(4), (5).
Lockett has not alleged nor shown cause nor actual prejudice for not raising this issue on direct appeal. See Wiley v. State, 517 So.2d 1373 (Miss. 1987); Evans v. State, 485 So.2d 276 (Miss. 1986). Therefore, this claim is procedurally barred by waiver pursuant to Miss. Code Ann. § 99-39-21(1) (Supp. 1991).

5. The prosecutor's exclusion of all potential black jurors from petitioner's trial creates a prima facie violation of Batson v. Kentucky and Griffith v. Kentucky.

This claim was raised on direct appeal as assignment 1, addressed by this Court on direct appeal and decided adversely to Lockett. Lockett v. State, 517 So.2d 1346, 1348-53 (Miss. 1987). Lockett has not demonstrated a novel claim nor a sudden reversal of law relative to this point which would exempt this claim from the procedural bar. Therefore, this issue is procedurally barred by the doctrine of res judicata pursuant to Miss. Code Ann. § 99-39-21(3) (Supp. 1991). See also Rideout v. State, 496 So.2d 667 (Miss. 1986); Mann v. State, 490 So.2d 910 (Miss. 1986).

6. Petitioner's sentence of death is tainted by racial prejudice and discrimination in violation of the eighth and fourteenth amendments to the United States Constitution.
Lockett claims that the jury decided to sentence him to death simply because he is black and the victim was white. In support of this claim, Lockett presents a June, 1985 unpublished statistical study entitled "Factors Affecting Death Penalty Decisions in Mississippi" which concludes that, in Mississippi, the perpetrator is almost five times as likely to receive death when the victim is white rather than black. Lockett connects this claim with the immediately preceding claim of Batson violation.
Lockett could have raised the issue of racial prejudice and discrimination on direct appeal but did not do so. Therefore, this claim is procedurally barred by waiver unless Lockett has shown cause or actual prejudice in accordance with Miss. Code Ann. § 99-39-21(4), (5).
Lockett has not alleged nor shown cause nor actual prejudice for not raising this issue on direct appeal. See Wiley v. State, 517 So.2d 1373 (Miss. 1987); Evans v. State, 485 So.2d 276 (Miss. 1986). Therefore, this claim is procedurally barred by waiver pursuant to Miss. Code Ann. § 99-39-21(1) (Supp. 1991).

7. The Mississippi Supreme Court failed to make a proportionality review of the sentence in this case as required by State law and thereby violated Petitioner's rights.
Lockett contends that this Court failed to review his sentence of death appropriately, that is, in accordance with Miss. Code Ann. § 99-19-105(3)(c) (Supp. 1986). Specifically, *904 Lockett claims (1) the Court failed to compare his case with any other case; (2) the Court failed to conduct a meaningful proportionality review by reciting all prior death cases as an appendix to the opinion; and (3) failure to give a more detailed proportionality review which would have resulted in the reversal of the sentence of death.
Section 99-19-105(3)(c) provides that when reviewing a sentence of death, this Court "shall determine ... [w]hether the sentence of death is excessive or disproportionate to the penalty imposed in similar cases, considering both the crime and the defendant." A review of the opinion in this case shows that the Court did, in fact, follow the statutory mandates in affirming the sentence of death, and considered all prior death cases presented to the Court. As evidence of the proportionality review and compliance with the statutory provisions, in addition to stating that past death penalty cases were considered in the proportionality review, a list of all cases considered was attached at the end of the opinion in Lockett II as "Appendix II":
Having reviewed this case and compared it to other cases, we find that the sentence here is not excessive or disproportionate to the penalty imposed in similar cases. (See Appendix II).
Lockett, 517 So.2d at 1355. Accordingly, this assignment is without merit.

8. Use of the "especially heinous, atrocious and cruel" aggravating circumstance failed to channel and limit the jury's discretion as required by the eighth amendment.
This assignment was not raised on direct appeal. However, this assignment was "capable of determination at trial and/or direct appeal." § 99-39-21(1). Lockett has not shown cause nor actual prejudice, nor can he, for not raising this issue on direct appeal. See Wiley v. State, 517 So.2d 1373 (Miss. 1987); Evans v. State, 485 So.2d 276 (Miss. 1986). Therefore, this claim is procedurally barred by waiver pursuant to Miss. Code Ann. § 99-39-21(1) (Supp. 1991).
However, Lockett claims an exception to the procedural bar: reversal of law evidenced by the intervening decisions of Maynard v. Cartwright, 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988), Clemons v. Mississippi, 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990) and McKoy v. North Carolina, 494 U.S. 433, 110 S.Ct. 1227, 108 L.Ed.2d 369 (1990) which require that the sentence of death be set aside for failure to grant a proper limiting instruction regarding the "especially heinous, atrocious and cruel" aggravating circumstance and, in McKoy, erroneously instructing the jury that they must unanimously agree on mitigating circumstances. The State contends (1) this claim is procedurally barred; (2) the trial court granted an explanatory instruction recommended in Mhoon v. State, 464 So.2d 77 (Miss. 1985) and approved in Maynard v. Cartwright, 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988); and (3) "even if this claim were not barred it is frivolous."
Maynard v. Cartwright, 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988), holds that the use of the "especially heinous, atrocious, or cruel" aggravating circumstance without a limiting instruction violates the eighth and fourteenth amendments to the United States constitution. See also Clemons v. Mississippi, 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990). This Court has determined that the remedy on remand for such a violation is to vacate the sentence and remand for new sentencing trials. See Clemons v. State, 593 So.2d 1004 (Miss. 1992) (Clemons on remand); Shell v. State, 595 So.2d 1323 (Miss. 1992) (on remand from United States Supreme Court); Jones v. State, 602 So.2d 1070 (1992) (not yet reported). However, Clemons on remand, Shell and Jones imply that if the jury is given an instruction which properly defines the especially heinous aggravating instruction, reversal would not be warranted.
In Mississippi, the proper instruction defining the especially heinous aggravating factor comes from Coleman v. State, 378 So.2d 640, 648 (Miss. 1979): "the actual commission of the capital felony was accompanied by such additional acts as to *905 set the crime apart from the norm of capital felonies  the conscienceless or pitiless crime which is unnecessarily torturous to the victim." Lockett received such an instruction at his sentencing trial in Sentencing Instruction 2: "The Court instructs the Jury that the term `especially heinous, atrocious, or cruel', as used elsewhere in these instructions is defined as being a conscienceless or pitless [sic] crime which is unecessarily [sic] torturous to the victim." The instruction, as given, tracks the Coleman language. Therefore, the jury in Lockett's case was properly instructed on the especially heinous aggravating factor. This claim is without merit.
McKoy held that North Carolina's capital sentencing scheme, which prevented the jury from considering any mitigating factor that the jury had not unanimously found to exist, violated the United States Constitution. Lockett's reliance upon this theory is erroneous, for Mississippi does not so limit the jury in their deliberations and consideration of the death penalty. This claim is without merit.

9. The trial court erred in failing to instruct the jury regarding the burden of proof when weighing aggravating and mitigating circumstances.
Lockett admits that this assignment was raised on direct appeal and decided adversely to him. In fact, this claim was raised on direct appeal as assignment 8, addressed by this Court on direct appeal and decided adversely to Lockett. Lockett v. State, 517 So.2d 1346, 1355 (Miss. 1987). Lockett has not demonstrated a novel claim nor a sudden reversal of law relative to this point which would exempt this claim from the procedural bar. Therefore, this issue is procedurally barred by the doctrine of res judicata pursuant to Miss. Code Ann. § 99-39-21(3) (Supp. 1991). See also Rideout v. State, 496 So.2d 667 (Miss. 1986); Mann v. State, 490 So.2d 910 (Miss. 1986).

10. The stacking of aggravating circumstances deprived petitioner of his rights under the eighth and fourteenth amendments.
Lockett admits that this assignment was raised on direct appeal and decided adversely to him. In fact, this claim was raised on direct appeal as assignment 8, addressed by this Court on direct appeal and decided adversely to Lockett. Lockett v. State, 517 So.2d 1346, 1355 (Miss. 1987). Lockett has not demonstrated a novel claim nor a sudden reversal of law relative to this point which would exempt this claim from the procedural bar. Therefore, this issue is procedurally barred by the doctrine of res judicata pursuant to Miss. Code Ann. § 99-39-21(3) (Supp. 1991). See also Rideout v. State, 496 So.2d 667 (Miss. 1986); Mann v. State, 490 So.2d 910 (Miss. 1986).

11. Petitioner's Constitutional rights were violated by the exclusion from the jury of persons opposed to the death penalty.
This assignment was not raised on direct appeal. However, this assignment was "capable of determination at trial and/or direct appeal." § 99-39-21(1). Therefore, this claim is procedurally barred by waiver unless Lockett has shown cause or actual prejudice in accordance with Miss. Code Ann. § 99-39-21(4), (5).
Lockett has not alleged nor shown cause nor actual prejudice for not raising this issue on direct appeal. See Wiley v. State, 517 So.2d 1373 (Miss. 1987); Evans v. State, 485 So.2d 276 (Miss. 1986). Therefore, this claim is procedurally barred by waiver pursuant to Miss. Code Ann. § 99-39-21(1) (Supp. 1991).

12. The trial court's refusal to grant a mercy instruction deprived petitioner of his rights under the fifth, sixth, eighth, and fourteenth amendments to the United States Constitution and Mississippi law.
This claim was raised on direct appeal as assignment 8, addressed by this Court on direct appeal and decided adversely to Lockett. Lockett v. State, 517 So.2d 1346, 1355 (Miss. 1987). Lockett has not demonstrated a novel claim nor a sudden reversal of law relative to this point which *906 would exempt this claim from the procedural bar. Therefore, this issue is procedurally barred by the doctrine of res judicata pursuant to Miss. Code Ann. § 99-39-21(3) (Supp. 1991). See also Rideout v. State, 496 So.2d 667 (Miss. 1986); Mann v. State, 490 So.2d 910 (Miss. 1986).

13. Mississippi's capital sentencing scheme is unconstitutional when viewed as a whole.
This issue was capable of determination at trial and/or on direct appeal, but was not raised. Therefore, this claim is procedurally barred by waiver unless Lockett has shown cause or actual prejudice in accordance with Miss. Code Ann. § 99-39-21(4), (5).
Lockett has not alleged nor shown cause nor actual prejudice for not raising this issue on direct appeal. See Wiley v. State, 517 So.2d 1373 (Miss. 1987); Evans v. State, 485 So.2d 276 (Miss. 1986). Therefore, this claim is procedurally barred by waiver pursuant to Miss. Code Ann. § 99-39-21(1) (Supp. 1991). Additionally, this claim lacks merit because this Court has previously determined that Mississippi's capital sentencing scheme, as a whole, is constitutional. See Billiot v. State, 454 So.2d 445 (Miss. 1984); Smith v. State, 419 So.2d 563 (Miss. 1982); Jones v. State, 381 So.2d 983 (Miss. 1980); Coleman v. State, 378 So.2d 640 (Miss. 1979).
None of the claims Lockett presents in his Application for post-conviction relief warrant the granting of the Application. Therefore, Lockett's Application for post-conviction relief is denied.

V.
In addition to his PCR Application, Lockett has filed a Motion for Appointment of Counsel land For Funds for an Expert identical in all respects to the Motion filed in Lockett I Application for Post-Conviction Relief. Therefore, the ruling on this motion is controlled by our decision in Lockett I, part V, wherein we denied the motion as being without merit.
APPLICATION FOR POST-CONVICTION RELIEF DENIED. MOTION FOR APPOINTMENT OF COUNSEL AND FOR FUNDS FOR AN EXPERT DENIED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, SULLIVAN, BANKS and McRAE, JJ., concur.
PITTMAN, J., not participating.
ROBERTS, J., not participating according to supreme court internal rules.
NOTES
[1] In actuality, this issue is barred by collateral estoppel. See Jordan v. State, 577 So.2d 368, 369 (Miss. 1990). However, since the Legislature has identified this procedural bar as the "doctrine of res judicata," we adhere to that terminology.