THOMAS, J.,
for the Court:
¶ 1. Dr. Samuel Thomas Rayburn, III appeals the decree of divorce judgment of the Madison County Chancery Court submitted in the child custody, child support, alimony and property settlement agreement. Dr. Rayburn raises that following assignments of error on appeal:
I. WHETHER THE CHANCERY COURT ERRED OR ABUSED ITS DISCRETION IN RESTRICTING APPELLANT’S VISITATION WITH THE MINOR CHILD TO THE STATE OF MISSISSIPPI UNTIL THE CHILD HAS REACHED THE AGE OF THREE.
II. WHETHER THE CHANCERY COURT ERRED OR ABUSED ITS DISCRETION IN DECIDING THE EQUITABLE DISTRIBUTION OF THE MARITAL PROPERTY.
III. WHETHER THE CHANCERY COURT ERRED OR ABUSED ITS DISCRETION IN AWARDING ATTORNEY’S FEES TO THE AP-PELLEE.
Finding no error, we affirm.
FACTS
¶ 2. Dr. Samuel Thomas Rayburn, III and Kim Collins Rayburn were married on April 11, 1992. One child was born of their marriage, Samuel Thomas Rayburn, IV, on January 19, 1996. A period of separation, ultimately resulting in divorce, began in mid-March of 1997. Final judgment of divorce was granted to Mrs. Rayburn on the ground of adultery by the Chancery Court of Madison County on December 17, 1997. Incorporated in the final judgment were the provisions of the child custody, child support, alimony and property settlement agreement and consent to judgment of the court. In the final judgment of divorce, Dr. Rayburn was granted visitation with the minor child one weekend per month with said visitation to be exercised in the state of Mississippi until the minor child has obtained the age of three years of age. Equitable division of the martial property was adjudged settled as a result of Dr. Rayburn’s previous retrieval of items from the marital residence with the exception of an awarded portrait of the minor child to Dr. Rayburn. Attorney’s fees were awarded to Mrs. Rayburn in the amount of $10,500 payable within ninety days by Dr. Rayburn. Dr. Rayburn takes exception to the chancery court’s ruling on these three issues.
ANALYSIS
I.
WHETHER THE CHANCERY COURT ERRED OR ABUSED ITS DISCRETION IN RESTRICTING APPELLANT’S VISITATION WITH THE MINOR CHILD TO THE STATE OF MISSISSIPPI UNTIL THE CHILD HAS REACHED THE AGE OF THREE.
¶ 3. Dr. Rayburn predicates error and an abuse of discretion in the chancery court’s ruling that all visitation with the parties’ minor child take place within the state of Mississippi until the child has attained three years of age. Dr. Rayburn argues that this ruling runs counter to the *187 best interests of the minor child, which is the paramount consideration, in that such a restricted visitation provision thwarts Dr. Rayburn’s non-custodial rights to develop as close and loving relationship as is possible during the minor child’s tender years given his present obligations as a resident cardiologist in Gainesville, Florida. It is of great importance that the best interests of minor children be the paramount consideration when establishing any visitation provision. This should be done with equal importance in mind with respect to the rights of the non-custodial parent and the objective of creating an environment conducive to developing as close and loving a relationship as possible between parent and child. Clark v. Myrick, 523 So.2d 79, 83 (Miss.1988); Cox v. Moulds, 490 So.2d 866, 870 (Miss.1986); White v. Thompson, 569 So.2d 1181, 1185 (Miss.1990); Dunn v. Dunn, 609 So.2d 1277,1286 (Miss.1992).
¶ 4. However, Mrs. Rayburn has correctly argued in response that at the time of the divorce and the decision on the issue of visitation rendered by the chancery court, the minor child was twenty-one months old and that, further, as of the date of the filing of this appeal, October 28, 1998, the minor child was thirty-four months old. The minor child would have reached his third birthday on January 19, 1999, thereby creating an issue that is now moot. Therefore, due to the passage of time occasioned by this appeal, the specific provision providing that all visitation occur within the state of Mississippi until the child has reached thirty-six months of age need not be considered further by this Court. Time has rendered this assignment of error to be without merit.
II.
WHETHER THE CHANCERY COURT ERRED OR ABUSED ITS DISCRETION IN DECIDING THE EQUITABLE DISTRIBUTION OF THE MARITAL PROPERTY.
¶ 5. Dr. Rayburn argues that, despite the parties’ request that the chancery court determine the division of household furnishings, fixtures, furniture, utensils, appliances and effects of the parties located in the marital home, the chancellor made no distribution of the requested property, save what had previously been divided between the parties at the time of their separation. Dr. Rayburn contends that the chancellor failed to consider any of the guidelines and factors previously established by the Mississippi Supreme Court on issues involving the equitable distribution of marital property. Ferguson v. Ferguson, 639 So.2d 921, 927 (Miss.1994).
¶ 6. In addressing the purpose and use of these guidelines, the Mississippi Supreme Court stated:
Given the development of domestic relations law, this Court recognizes the need for guidelines to aid chancellors in their adjudication of marital property division. Therefore, this Court directs the chancery courts to evaluate the division of marital assets by the following guidelines and to support their decisions with findings of fact and conclusions of law for purposes of appellate review. M-though this listing is not exclusive, this Court suggests the chancery courts consider the following guidelines, where applicable, when attempting to effect an equitable division of marital property:
1. Substantial contribution to the accumulation of the property. Factors to be considered in determining contribution are as follows:
a. Direct or indirect economic contribution to the acquisition of the property;
b. Contribution to the stability and harmony of the marital and family relationships as measured by quality, quantity of time spent on family duties and duration of the marriage; and
c. Contribution to the education, training or other accomplishment bear *188 ing on the earning power of the spouse accumulating the assets.
2. The degree to which each spouse has expended, withdrawn or otherwise disposed of marital assets and any prior distribution of such assets by agreement, decree or otherwise.
3. The market value and the emotional value of the assets subject to distribution.
4. The value of assets not ordinarily, absent equitable factors to the contrary, subject to such distribution, such as property brought to the marriage by the parties and property acquired by inheritance or inter vivos gift by or to an individual spouse;
5. Tax and other economic consequences, and contractual or legal consequences to third parties, of the proposed distribution;
6. The extent to which property division may, with equity to both parties, be utilized to eliminate periodic payments and other potential sources of future friction between the parties;
7. The needs of the parties for financial security with due regard to the combination of assets, income and earning capacity; and,
8. Any other factor which in equity should be considered.
Ferguson v. Ferguson, 639 So.2d 921, 928 (Miss.1994).
¶ 7. We need not reiterate the well settled principle that chancery courts have the power and authority to decide, with great discretion and latitude, matters involving domestic relations. McEwen v. McEwen, 631 So.2d 821, 823 (Miss.1994). The substantial evidence/manifest error rule requires that this Court respect the chancery court’s findings of fact where the findings are supported by substantial evidence. Cummings v. Benderman, 681 So.2d 97, 100 (Miss.1996).
¶ 8. Dr. Rayburn testified that he desired the award of certain items obtained during his marriage to Mrs. Rayburn in addition to various items of property previously removed from the marital residence during their separation. Specifically, Dr. Rayburn requested the following: 1) a bed given as a gift by Dr. Rayburn’s parents to both Dr. Rayburn and Mrs. Rayburn; 2) one of two entertainment centers; 3) a wooden chest and a chifforobe; 4) a television set given to him by Mrs. Rayburn; 6) various yard tools including a lawn mower and a weed eater; and 6) and equal division of all the wedding gifts received by the parties.
¶ 9. In response to the requests made by Dr. Rayburn, the chancellor found that Dr. Rayburn had previously removed a bed that once belonged to Dr. Rayburn’s grandmother, a leather chair purchased by Dr. Rayburn before the parties were married, a dining room table with six chairs, a television set, a VCR, and a stereo system. Dr. Rayburn’s claim to the remaining bed was denied since he had already taken the one that had belonged to his grandmother. The wooden chest and chifforobe which were presently located in the minor child’s room were deemed necessary for the child’s use. The additional television set requested by Dr. Rayburn was also denied due to his previous removal and receipt of the parties other television, VCR and stereo system. The chancellor further found that Dr. Rayburn’s request for an equal division of the parties’ wedding gifts was unpersuasive since Dr. Rayburn failed to specify what those gifts entailed or their respective values.
¶ 10. Under existing case law and in view of the findings of fact made in this case, we conclude that the chancery court’s ruling on the issue on equitable division of the martial assets was within the court’s authority and discretion to resolve such matters. An abuse of discretion or an application of a clearly erroneous legal standard has not been shown in this matter. This assignment of error is without merit.
*189 III.
WHETHER THE CHANCERY COURT ERRED OR ABUSED ITS DISCRETION IN AWARDING ATTORNEY’S FEES TO THE APPELLEE
¶ 11. Mrs. Rayburn was awarded attorney’s fees in the amount of $10,500 of the approximate $14,000 total attorney’s fees incurred by her. Dr. Rayburn argues that the award to Mrs. Rayburn was an abuse of discretion given the disparities between the incomes of the parties. At the time of the proceedings Mrs. Rayburn reported gross annual income of $64,500 as a speech pathologist and Dr. Rayburn reported gross annual income of $38,000 as a thoracic-cardiovascular surgical resident.
¶ 12. In addressing whether an award of attorney’s fees amounts to an abuse of discretion, we turn to the general rule of law that where “a party is financially able to pay her attorney, an award of attorney’s fees is not appropriate.” Smith v. Smith, 614 So.2d 894, 398 (Miss.1993) (citing Martin v. Martin, 566 So.2d 704, 707 (Miss.1990)). However, if the evidence presented shows an inability to pay the fees and a disparity in the relative financial positions of the parties, no error will be found. Powers v. Powers, 568 So.2d 255 (Miss.1990). “The question of attorney fees in a divorce action is a matter largely entrusted to the sound discretion of the trial court.” Ferguson, 639 So.2d at 937.
¶ 13. In addressing this issue, the chancery court noted that Mrs. Rayburn had considerably high living expenses: a $865 monthly house payment, $50 in monthly real property taxes, a $432 monthly car payment, utilities, food and clothing for herself and their minor child. The chancery court further found that the $350 a month child support payment barely covered the expense of the minor child’s daycare. The funds used to secure the services of her attorney were obtained through loans and credit card advances, which had not yet been repaid. Dr. Rayburn was found to have been able to obtain funds in the past and, in the absence of any testimony or evidence to contradict his present abilities to obtain further funds from which to pay the attorney’s fee incurred by Mrs. Rayburn, the chancery court awarded Mrs. Rayburn attorney’s fees in the amount of $10,500. On these findings of fact, we conclude that the chancellor was within his discretion in awarding Mrs. Rayburn partial payment of her attorney’s fees. This assignment of error is without merit.
¶ 14. THE JUDGMENT OF THE CHANCERY COURT OF MADISON COUNTY IS AFFIRMED. APPELLANT IS TAXED WITH ALL COSTS OF THIS APPEAL.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, DIAZ, LEE, AND PAYNE, JJ., CONCUR.
IRVING, J., DISSENTS WITHOUT SEPARATE OPINION.
MOORE, J., NOT PARTICIPATING.