656 So.2d 68 (1995)
Carl Daniel LOCKETT,
v.
STATE of Mississippi.
No. 94-DP-00672-SCT.
Supreme Court of Mississippi.
April 13, 1995.
Certiorari Denied June 19, 1995.
*69 Julie Ann Epps, James W. Craig, W.S. Moore, Jackson, for appellant.
Michael C. Moore, Atty. Gen., Marvin L. White, Jr., Asst. Atty. Gen., Jackson, for appellee.
En Banc.
Certiorari Denied June 19, 1995. See 115 S.Ct. 2595.
DAN M. LEE, Presiding Justice, for the Court:

ON APPLICATION FOR LEAVE TO FILE MOTION TO VACATE OR SET ASIDE JUDGMENT, CONVICTION AND SENTENCE OF DEATH

ON MOTION TO VACATE OR SET ASIDE JUDGMENT, CONVICTION AND SENTENCE OF DEATH
This matter is before the Court on a second and successive "Application For Leave To File Motion To Vacate Or Set Aside Judgment, Conviction and Sentence of Death" filed pursuant to the Mississippi Uniform Post-Conviction Collateral Relief Act, Miss. Code Ann. § 99-39-1, et seq. (1994).
Carl Daniel Lockett was convicted of the capital murder of John Calhoun and sentenced to death by virtue of jury verdicts returned in the Circuit Court of Jackson County. This Court, on direct appeal, affirmed Lockett's conviction and sentence. On a later date, we denied Lockett's first application to proceed in the trial court for post-conviction relief.
Lockett has filed a second and successive application in this court seeking leave to file in the trial court yet another motion for post-conviction collateral relief. Lockett seeks vacation of both his conviction of capital murder and the sentence of death imposed in its wake.
*70 Without passing judgment on the actual merits of his three (3) allegations, we deny Lockett's second application for post-conviction relief by virtue of the time bar found in Miss. Code Ann. § 99-39-5(2) (1994) and the successive writ bar found in Miss. Code Ann. § 99-39-27(9) (1994). In short, each of the three (3) claims made belatedly by Lockett is doubly barred.

I. PROCEDURAL HISTORY
On December 13, 1985, John Calhoun and his wife, Geraldine, were brutally murdered in Rankin County. On January 14, 1986, a Rankin County Grand Jury returned two capital murder indictments against Lockett, one for the murder of John, the other for the murder of Geraldine. Following changes of venue to Jackson and Lamar Counties, respectively, Lockett was tried and convicted on April 2, 1986, for the murder of John Calhoun (Lockett I  DP-0672 formerly DP-64) and tried and convicted on May 5 and 6, 1986, for Geraldine's murder. (Lockett II  DP-0673 formerly DP-67) Lockett was sentenced to death on each occasion. This published opinion addresses Lockett's second application for post-conviction relief from the conviction and sentence of death imposed for the murder of John Calhoun (Lockett I  DP-0672).
On September 30, 1987, Lockett's conviction of capital murder and sentence of death were affirmed by this Court on direct appeal in Lockett v. State, 517 So.2d 1317 (Miss. 1987), cert. denied 487 U.S. 1210, 108 S.Ct. 2858, 101 L.Ed.2d 895 (1988), reh. denied 487 U.S. 1250, 109 S.Ct. 13, 101 L.Ed.2d 963 (1988). (Lockett I). Lockett later filed a "Motion to Vacate or Set Aside Judgment, Conviction and Sentence of Death" under the Mississippi Uniform Post-Conviction Collateral Relief Act, Miss. Code Ann. § 99-39-1 et seq., which was denied in Lockett v. State, 614 So.2d 888 (Miss. 1992), cert. denied ___ U.S. ___, 114 S.Ct. 681, 126 L.Ed.2d 649 (1994), reh. denied ___ U.S. ___, 114 S.Ct. 1212, 127 L.Ed.2d 559 (1994).
Lockett was also tried, convicted, and sentenced to death in a separate trial for the capital murder of Geraldine Calhoun. In the companion case, both the conviction and sentence were affirmed in Lockett v. State, 517 So.2d 1346 (Miss. 1987), cert. denied 487 U.S. 1210, 108 S.Ct. 2858, 101 L.Ed.2d 895 (1988), reh. denied 487 U.S. 1250, 109 S.Ct. 13, 101 L.Ed.2d 963 (1988) (Lockett II). Lockett later filed a similar motion for post-conviction relief in Lockett II which was denied in Lockett v. State, 614 So.2d 898 (Miss. 1992), cert. denied ___ U.S. ___, 114 S.Ct. 681, 126 L.Ed.2d 649 (1994), reh. denied ___ U.S. ___, 114 S.Ct. 1212, 127 L.Ed.2d 559 (1994).
Lockett's first application for post-conviction relief, consisting of fifteen (15) individual grounds, was filed in Lockett I on December 22, 1988, and denied by this Court on October 1, 1992. On July 13, 1994, Lockett, by and through a fourth team of attorneys, filed the present application for post-conviction relief.

II. ANALYSIS
Lockett seeks permission to litigate in the trial court three (3) issues, each of which implicates the guilt-finding phase of his bifurcated trial for the murder of John Calhoun.
1. Whether the indictment is void and Lockett's conviction must be reversed because it fails to set forth the essential elements of burglary  the underlying felony of capital murder.
2. Whether Lockett's conviction must be reversed where the jury may have found him guilty without a finding beyond a reasonable doubt of the essential elements of the offense of capital murder.
3. Whether the trial court erred in admitting Lockett's confessions which were obtained in violation of his constitutional right to counsel.
Lockett has also filed a second and successive post-conviction application aimed at his conviction and death sentence imposed for the murder of Geraldine. The three claims presented in the present application dealing with John's murder are identical to the first three claims presented in the companion application involving the murder of John's wife, Geraldine. We have this day denied post-conviction relief in the latter. (Lockett II, No. 94-DP-0673).

*71 A. Time Bar

The motion that Lockett seeks to file in the lower court is time barred by virtue of the three (3) year statute of limitations set forth in § 99-39-5(2) which identifies, in plain and ordinary English, the time limitations for the filing of post-conviction motions to vacate convictions and sentences. It reads, in its pertinent parts, as follows:
§ 99-39-5. Grounds for relief; time limitations.
* * * * * *
(2) A motion for relief under this chapter shall be made within three (3) years after the time in which the prisoner's direct appeal is ruled upon by the supreme court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction. Excepted from this three-year statute of limitations are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the supreme court of either the state of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.
* * * * * *
[emphasis supplied]
The application of a time bar in a death penalty case is constitutional. Cole v. State, 608 So.2d 1313, 1318-20 (Miss. 1992). "It is a well-settled principle that a state may attach reasonable time limitations to the assertion of federal constitutional rights" and "that a time limitation also may be placed on the exercise of a state constitutional right." Cole v. State, 608 So.2d at 1319. We further stated in Cole that
[t]he primary purpose of statutory time limitations is to compel the exercise of a right of action within a reasonable time. These statutes are founded upon the general experience of society that valid claims will be promptly pursued and not allowed to remain neglected. They are designed to suppress assertion of false and stale claims, when evidence has been lost, memories have faded, witnesses are unavailable, or facts are incapable of production because of the lapse of time.
(608 So.2d at 1317.)
Lockett's direct appeal from his conviction of capital murder was decided September 30, 1987; his petition for rehearing was denied January 13, 1988. The deadline for Lockett's post-conviction papers was January 13, 1991. The present application was not filed until July 13, 1994, more than three and one-half years (3 1/2) after the statute of limitations had expired.
The old adage that "it's better late than never" does not apply here. Indeed, Lockett acknowledges in his reply brief that the statute, if applicable, would prohibit his claim because it was filed more than three (3) years after his direct appeal was affirmed by this Court.
The statutory exceptions to the time bar are (1) allegations of supervening insanity, (2) intervening decisions which would have adversely affected the outcome of Lockett's conviction or sentence, and (3) newly discovered evidence. None of these exceptions are applicable here. We hold that Lockett's application is time barred pursuant to § 99-39-5(2).

B. Successive Writ Bar
Lockett's application and proposed motion suffers from another fatal infirmity. This Court's denial on October 1, 1992, of Carl Lockett's first application for post-conviction relief is a final judgment and a bar to a second or successive application filed under the Mississippi Uniform Post-Conviction Collateral Relief Act, Miss. Code Ann. § 99-39-1 et seq.
*72 Miss. Code Ann. § 99-39-27 (1994), a part and parcel of the Mississippi Uniform Post-Conviction Collateral Relief Act, controls the posture of Lockett's second and successive application for leave to file for post-conviction relief. It reads, in its applicable parts, as follows:
§ 99-39-27. Application to supreme court for leave to proceed in trial court; grant of relief; dismissal or denial as res judicata.
(1) The application for leave to proceed in the trial court filed with the supreme court under section 99-39-7 shall name the state of Mississippi as the respondent.
* * * * * *
(9) The dismissal or denial of an application under this section is a final judgment and shall be a bar to a second or successive application under this chapter. Excepted from this prohibition is an application filed pursuant to section 99-19-57(2), Mississippi Code of 1972, raising the issue of the convict's supervening insanity prior to the execution of a sentence of death. A dismissal or denial of an application relating to insanity under section 99-19-57(2), Mississippi Code of 1972, shall be res judicata on the issue and shall likewise bar any second or successive applications on the issue. Likewise excepted from this prohibition are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the supreme court of either the state of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise exempted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. [emphasis supplied]
"In order to overcome the successive writ bar of Miss. Code Ann. § 99-39-27(9), [Lockett] must demonstrate that there have been intervening decisions from either this Court or the U.S. Supreme Court which would have actually adversely affected the outcome of his conviction or sentence." Gilliard v. State, 614 So.2d 370, 373 (Miss. 1992). See also Grubb v. State, 584 So.2d 786, 788 (Miss. 1991). Within the context of either the time bar or the successive writ bar, we agree with the State that it would have been necessary for any intervening decision sufficient to defeat the bars to have been rendered after this Court's denial of Lockett's first application for post-conviction relief. Lockett filed his first application on December 22, 1988; relief was denied on October 1, 1992. Any decision rendered prior to October 1, 1992, would have been available to Lockett in his first application for post-conviction relief.
Lockett is presently represented by his fourth team of lawyers. He was represented at trial in 1986 by William O. Townsend, a sole practitioner and part-time public defender, and David Clark, a private practitioner. On direct appeal to this Court in 1987, Lockett was represented by Clive A. Stafford Smith of Atlanta, Georgia. Rebecca L. Wiggs, a member of the Watkins and Eager law firm in Jackson, represented Lockett in his first application for post-conviction relief filed in 1988 and denied by this Court in 1992. In this, his second application for post-conviction relief, Lockett is represented in 1994 by James W. Craig and Julie Ann Epps, two attorneys with the Mississippi Capital Defense Resource Center.
The four (4) statutory exceptions to the second or successive writ bar are: (1) allegations of supervening insanity, (2) intervening decisions which would have actually adversely affected the outcome of Lockett's conviction or sentence, (3) newly discovered evidence, and (4) allegations that a prisoner's sentence has expired or his probation or parole has been unlawfully revoked. The latter three exceptions are also statutory exceptions to the time bar found in § 99-39-5(2) which has been previously discussed.
Supervening insanity has no applicability in this case. Moreover, Lockett has failed to demonstrate there has been an intervening decision of either this Court or the Supreme *73 Court of the United States which would have actually adversely affected the outcome of his conviction or sentence. Lockett has neither alleged nor demonstrated that he has newly discovered evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Finally, Lockett has never claimed his sentence has expired or his probation or parole unlawfully revoked. Lockett has neither demonstrated fundamental constitutional error nor cited any intervening decision which would defeat the bar. In short, none of the exceptions to the successive writ bar contained in § 99-39-27 are applicable.
We turn now, within the limited context of a double bar, to an individual examination of each of Lockett's three (3) post-conviction complaints.

CLAIM 1. THE INDICTMENT IS VOID BECAUSE IT FAILS TO SET FORTH THE ESSENTIAL ELEMENTS OF THE UNDERLYING OFFENSE OF BURGLARY.
Lockett alleges his indictment for capital murder is defective because it failed, without uncertainty or ambiguity, to identify the essential elements of the underlying felony offense of burglary. The indictment charged that Lockett, with malice aforethought, murdered John Earl Calhoun while he was engaged in the commission of the crime of burglary ...
in that he had forcibly, burglariously, unlawfully, wilfully and feloniously broken and entered into the dwelling house of the said John Earl Calhoun and Geraldine Calhoun with the intent to, once inside, steal the personal property situated therein and to unlawfully do violence to the persons situated therein ...
According to Lockett, a mere allegation of an "intent to ... steal" is insufficient to charge the burglarious intent to commit larceny, the intended crime. Lockett alleges the indictment should have contained additional allegations focusing upon ownership and asportation of the personal property as well as a specific intent to permanently deprive another of the personal property. The argument is doubly barred.
This concern about the indictment was not expressed at any time during Lockett's trial. Nor was it one of the sixteen (16) issues raised on direct appeal to this Court. Finally, it was not among the fifteen (15) individual grounds cited in support of the relief requested in Lockett's first application for post-conviction relief. Accordingly, Lockett is barred by virtue of the time bar found in § 99-39-5(2) and the successive writ bar contained in § 99-39-27(9) from raising the matter at this late hour.
Lockett, however, argues that a time bar and a procedural bar have no applicability here because matters of jurisdiction may be raised for the first time on appeal, the error is both plain and fundamental constitutional error, and the failure of Lockett's previous counsel to raise and pursue the issue either at trial or on direct appeal constitutes ineffective assistance of counsel. We are not persuaded. Three (3) sets of attorneys have failed to raise this issue which is both time barred and successive writ barred.

CLAIM 2. LOCKETT'S CONVICTION MUST BE REVERSED WHERE THE JURY MAY HAVE FOUND HIM GUILTY WITHOUT A FINDING BEYOND A REASONABLE DOUBT THAT HE COMMITTED THE ESSENTIAL ELEMENTS OF THE OFFENSE OF CAPITAL MURDER.
Lockett claims the jury instructions given during the guilt-finding phase suffer from the same fatal defect as the indictment in failing to set forth the essential elements of the intended crime of larceny and, consequently, his conviction should be vacated. There was no contemporaneous objection at trial to the jury instructions on this basis, and the issue was not among the sixteen (16) alleged errors identified on direct appeal. Nor was this issue among the fifteen (15) individual grounds contained in Lockett's first application for post-conviction relief.
On direct appeal, Lockett assailed the integrity of jury instruction number 4 on the *74 ground it was "unacceptably duplicitous." 517 So.2d at 1332-33. This Court held the argument was procedurally barred because there had been no specific objection to the instruction during trial or another instruction offered in its stead. We opined:
Accordingly, under the cited rules and cases, it appears settled in our law that failure to challenge a given instruction or offer another in its place renders this assignment of error meritless, even in the context of a capital case. Lockett v. State, 517 So.2d 1317, 1333 (Miss. 1987) [emphasis supplied].
None of the cases cited by Lockett are intervening decisions such as would defeat the bars. Once again, Lockett is barred by the time bar contained in § 99-39-5(2) and the second or successive writ bar found in § 99-39-27(9).

CLAIM 3. THE TRIAL COURT ERRED IN ADMITTING LOCKETT'S CONFESSIONS WHICH WERE OBTAINED IN VIOLATION OF HIS CONSTITUTIONAL (SIXTH AMENDMENT) RIGHT TO COUNSEL.
Lockett's third and final claim assails the admissibility of his confessions to Rankin County authorities which were made over the course of several days with each statement occurring after a valid, written waiver. Lockett contends he was not informed that counsel had been appointed for him, a fact which Lockett contends vitiates the purported waiver of his rights secured by the police prior to his interrogations. Stated somewhat differently, Lockett asserts that because he was not informed that a lawyer had been appointed to represent him, any waivers of his Miranda rights were invalid waivers of his Sixth Amendment rights, and his confessions should have been suppressed. This claim, like each of its predecessors, is time barred by § 99-39-5(2) and successive writ barred by § 99-39-27(9).
On direct appeal, Lockett "challeng[ed] the confession introduced against him as violative of the Agee rule [Agee v. State, 185 So.2d 671, 673 (Miss. 1966)] because all of the officers present when the confession was made did not testify at trial." Lockett v. State, 517 So.2d at 1328. This Court rejected that claim because "[t]he trial court's determination to admit Lockett's confession [was] supported by substantial evidence and we will not disturb it." 517 So.2d at 1329.
None of the fifteen (15) grounds contained in Lockett's first application for post-conviction relief filed by his second set of lawyers assailed the voluntariness of Lockett's confession. 614 So.2d at 892. It is too late now to reconstitute this issue in a second and successive application for post-conviction relief.
Lockett, however, attempts to invoke a fundamental constitutional error exception and the intervening decision exception to the time and successive writ bars. He likewise contends that trial counsel's failure to advance this theory as a basis for objection constitutes ineffective assistance of trial counsel.
Lockett has failed to demonstrate fundamental constitutional error or point to any intervening decisions that would except him from the bar created by the passage of time or by successive writ.
The effective assistance of counsel claim was procedurally barred by waiver in Lockett's first application for post-conviction relief  Lockett v. State, 614 So.2d at 894  where we stated the following:
Lockett had different counsel at trial and on appeal: William O. Townsend of Pearl, Mississippi, and David Clark of Florence, Mississippi at trial  both guilt and penalty phase  Clive A. Stafford Smith of Atlanta, Georgia, on appeal. Lockett had a meaningful opportunity to raise the issue of ineffective trial counsel on direct appeal but did not do so. Furthermore, Lockett has not shown cause nor actual prejudice, nor can he, for not raising this issue on direct appeal. See Wiley v. State, 517 So.2d 1373 (Miss. 1987); Evans v. State, 485 So.2d 276 (Miss. 1986). Therefore, this claim is procedurally barred by waiver pursuant to Miss. Code Ann. § 99-39-21(1) (Supp. 1991).
It is needless to say  but we will say it, nevertheless  that Lockett cannot, in a *75 second and successive application for post-conviction relief, revitalize, reconstitute, or rehash an argument or issue that was procedurally barred on direct appeal or in his first application for post-conviction relief.
This claim, like all the others, is barred pursuant to the time bar contained in Miss. Code Ann. § 99-39-5(2) and certainly by the second or successive writ bar found in Miss. Code Ann. § 99-39-27(9).

III. CONCLUSION
Lockett's case has been in litigation in the state courts of Mississippi since the commission of the crime on December 13, 1985. This is more than nine (9) years, far too long.
The deadline for the filing of Lockett's application for leave to file in the trial court his motion for post-conviction relief was January 13, 1991. Having missed this deadline by more than three (3) years, his claims are now time barred. In addition, our denial on October 1, 1992, of Carl Lockett's first application for post-conviction relief is a final judgment and a bar to a second and successive application filed under the Mississippi Uniform Post-Conviction Collateral Relief Act, Miss. Code Ann. § 99-39-1 et seq.
Miss. Code Ann. § 99-39-21(6) states that "[t]he burden is upon the prisoner to allege in his motion such facts as are necessary to demonstrate that his claims are not procedurally barred...." See also Lockett v. State, 614 So.2d 898, 902 (Miss. 1992) ("The Petitioner carries the burden of demonstrating that his claim is not procedurally barred.")
Lockett has failed to convincingly do so here. He has neither shown nor demonstrated fundamental constitutional errors or intervening decisions which would exempt his claims from the time bar found in Miss. Code Ann. § 99-39-5(2) or the successive writ bar found in Miss. Code Ann. § 99-39-27(9).
Twelve (12) years ago, this Court, speaking through Presiding Justice Broom, stated the following in Smith v. State, 434 So.2d 212, 220 (Miss. 1983), a death penalty case:
We are compelled to note that in the instant case, as is all too often the case in similar post-conviction relief efforts which come before this Court, the petitioner is in actuality merely seeking to relitigate his case. Such is not the proper function of post-conviction relief proceedings in Mississippi. The fair and orderly administration of justice dictates that a person accused of a crime be afforded the opportunity to present his claims before a fair and impartial tribunal. It does not require that he be given multiple opportunities to "take a bite at the apple." Likewise, the orderly administration of justice does not require this Court to "lead a defendant by the hand" through the criminal justice system. It is this Court's responsibility to provide a meaningful opportunity for defendant to raise his claims and have them adjudicated. [emphasis supplied]
Lockett has had his day in the state courts. A defendant in a death penalty case is not entitled to add new issues to his post-conviction papers every time he has a new team of lawyers. Rather, the new lawyers, save for instances of egregious mistakes amounting to constitutionally ineffective counsel, are bound by the action or inaction of former counsel.
"In order to overcome the successive writ bar of Miss. Code Ann. § 99-39-27(9), [Lockett] must demonstrate that there have been intervening decisions from either this Court or the U.S. Supreme Court which would have actually adversely affected the outcome of his conviction or sentence." Gilliard v. State, 614 So.2d 370, 373 (Miss. 1992). See also Grubb v. State, 584 So.2d 786, 788 (Miss. 1991). The same is true with respect to the time bar in § 99-39-5(2). The application of these bars is not diminished in death penalty cases where every effort is made to apply them fairly and evenhandedly.
Lockett has failed to make the required showing with respect to any of his three (3) claims. Accordingly, his application is denied together with any and all relief requested in his attached motion to vacate or set aside judgment, conviction and sentence of death.
An order issued by this Court on December 27, 1988, staying Lockett's execution is *76 still in effect. On March 7, 1994, the State filed a "Motion to Vacate the Stay of Execution, Issue the Mandate and Reset Execution Date." This motion is granted.
On July 15, 1994, Lockett filed a "Motion to Defer Setting Date of Execution" requesting this Court (1) to defer setting an execution date until after the disposition of his post-conviction proceedings in this Court and, in the event this Court denies relief, requesting this Court (2) to defer setting an execution date until Lockett has been given 90 days to present his claims to the federal courts via habeas corpus. Lockett's motion to defer is denied.
CONVICTION OF CAPITAL MURDER AND SENTENCE OF DEATH AFFIRMED. WEDNESDAY, JUNE 21, 1995, SET AS DATE FOR EXECUTION OF SENTENCE IN THE MANNER PROVIDED BY LAW.
HAWKINS, C.J., and PRATHER, P.J., and SULLIVAN, BANKS, McRAE and JAMES L. ROBERTS, Jr., JJ., concur.
PITTMAN and SMITH, JJ., not participating.