# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 96-CA-01261-SCT

*RAYMOND GREASON*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/20/96 |
| TRIAL JUDGE: | HON. LEE J. HOWARD |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DEWITT T. ALLRED, III |
| DISTRICT ATTORNEY: | FORREST ALLGOOD |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 12/8/97 |
| MOTION FOR REHEARING FILED: | 12/17/97 |
| MANDATE ISSUED: | 2/23/98 |

**BEFORE SULLIVAN, P.J., SMITH AND MILLS, JJ.**

**MILLS, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

This appeal comes from the Circuit Court of Lowndes County, which on August 20, 1996, dismissed Raymond Greason's motion for post-conviction collateral relief. On appeal before this Court, Greason assigns as error many issues. The following issue, however, is decisive in this case.

## ISSUE

**I. WHETHER THE TRIAL COURT ERRED IN DISMISSING GREASON'S MOTION FOR POST-CONVICTION COLLATERAL RELIEF AS UNTIMELY.**

## FACTS

Raymond Greason filed a motion for post-conviction collateral relief that was denied on January 23, 1995 by the trial court. The appeal from this motion was later dismissed by this Court. On June 28, 1996, Greason filed an "amended" motion in the trial court. In response, the trial court dismissed as frivolous both this "amended" motion, and a previous motion to expedite and supplement proceedings.

## DISCUSSION

Greason argues that *McNeal v. State*, 658 So.2d 1345, 1349-50 (Miss.1995) is an "intervening decision" that operates to relieve him of the bar against successive writs. Greason is mistaken. An intervening decision mandates overcoming the bar against successive writs only when the intervening decision "would have actually adversely affected the outcome of [the defendant's] conviction or sentence." *Lockett v. State*, 656 So.2d 68, 72-73 (Miss.1995). *McNeal* is not such an intervening decision. *Brandau v. State*, 662 So.2d 1051, 1054 (Miss.1995). Furthermore, assuming that there was a formal defect in the indictment as to the placement of the words "against the peace and dignity, " Greason waived it when he pleaded guilty. *Banana v. State*, 635 So.2d 851, 853 (Miss.1994).

## CONCLUSION

Accordingly, Greason's motion is barred by Miss. Code Ann. § 99-39-23(6) (1994).

**LOWER COURT'S DENIAL OF POST CONVICTION RELIEF AFFIRMED.**

**PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, ROBERTS AND SMITH, JJ., CONCUR. LEE, C.J., CONCURS IN RESULT ONLY.**