812 So.2d 241 (2002)
Jeffrey W. LEVERETTE a/k/a Jeffery W. Leverette, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-CA-00095-COA.
Court of Appeals of Mississippi.
February 26, 2002.
*243 Robert A. Chamoun, Brett B. Stein, Memphis, TN, Attorneys for Appellant.
Office of the Attorney General by Jeffrey A. Klingfuss, Attorney for Appellee.
Before SOUTHWICK, P.J., LEE, and CHANDLER, JJ.
SOUTHWICK, P.J., for the Court.
¶ 1. Jeffrey Leverette and Scott Wright pled guilty to theft of anhydrous ammonia. Leverette appeals his sentence arguing that it was disproportionate to the sentence received by his co-defendant Wright. We disagree and affirm.

STATEMENT OF FACTS
¶ 2. On August 14, 2000, Jeffrey Leverette of Marion, Arkansas, and Scott Wright of Southaven, Mississippi, were indicted for theft of anhydrous ammonia from a Tunica County farm. Leverette entered a plea of guilty before Circuit Judge Elzy J. Smith on August 22, 2000. In both the petition to enter his plea and at that hearing, it was noted that the prosecutor recommended a suspended sentence of two years and a $500 fine. However, Leverette was warned in both the petition and at the hearing that the maximum sentence that could be imposed was five years, with no time suspended, and also a $5,000 fine. Leverette was told that the court was not bound by any recommendation from the prosecution and that the court could impose the maximum sentence. Leverette stated in both his petition and at the hearing that he understood this possibility and still wished to enter a plea of guilty. The circuit court postponed Leverette's sentencing until the completion of a presentence report.
¶ 3. On October 12, 2000, Leverette's codefendant, Scott Wright, entered a guilty plea before Judge Kenneth L. Thomas. The court was informed that Leverette had received an offer of a suspended two year sentence and a $500 fine. That was the sentence that Wright received.
¶ 4. On December 11, 2000, Leverette appeared before Judge Elzy J. Smith for sentencing. His attorney stated that he would like the court to consider that Leverette had no prior convictions, that Leverette pled guilty before his co-defendant Wright, that Leverette's statements were helpful in inducing Wright to plead guilty, and that Wright received a suspended sentence. When Leverette was asked if he had anything to say, Leverette stated that "I'm very, very sorry, to the person that I stole this from. I have no business coming down here doing that, being from where I'm at and all...." The circuit judge responded that "[i]t looks like we need to close this Arkansas bridge and put something else in there." The circuit judge then sentenced Leverette to a term of five years, with four years suspended, and a $1,000 fine.
¶ 5. On December 21, 2000, Leverette filed a motion to modify or correct his sentence. The motion was denied. Leverette appeals both the sentence and the order of the circuit court denying his motion to modify or correct his sentence.

DISCUSSION
¶ 6. Leverette stated in his brief that he would complete his one year time to serve in August 2001. He requested that we remand in order that the trial judge may articulate the reasons for giving him a sentence "harsher" than that of Wright. In his view, if the articulated reasons are inadequate to support the sentence, we should set aside his four year suspended sentence.

1. Procedural issue
¶ 7. Leverette styled his motion as one to modify or correct the sentence and *244 judgment, but he also cited post-conviction relief statutes and a circuit court rule pertaining to new trials. Miss.Code Ann. § 99-39-5 (Supp.2001); URCCC 10.05. As Rule 10.05 requires, the motion was filed within ten days of his guilty plea, but it did not request a new trial. The motion requested that Leverette receive the same sentence as had Wright. The motion also acknowledged that the statute permits a sentence of up to five years and a $5,000 fine. Miss.Code Ann. § 41-29-313(2)(d) (Rev.2001).
¶ 8. The trial judge found that the grounds upon which Leverette sought modification of his sentence were not grounds for post-conviction relief. Miss. Code Ann. § 99-39-5 (Supp.2001). Among the defects noted was that Leverette failed to file an original civil action. Miss.Code Ann. § 99-39-7 (Supp.2001). The court found that Leverette did not meet other filing requirements, such as a separate sworn statement of specific facts within Leverette's own knowledge. Miss.Code Ann. § 99-39-9 (Supp.2001). Therefore, relief under the post-conviction relief statutes was denied.
¶ 9. It is evident that the trial judge refused to recast the motion as one for post-conviction relief. We find no error in that refusal. Additionally, the circuit court found that Uniform Circuit and County Court Rule 10.05 did not apply in cases in which the defendant pled guilty. That is correct. See generally Dickerson v. State, 731 So.2d 1082, 1085 (Miss. 1998)(URCCC 10.05 does not apply to a motion for resentencing) overruled on other grounds by Presley v. State, 792 So.2d 950, 953 (Miss.2001).
¶ 10. Having determined that Leverette's motion was not one for post-conviction relief, we will address the circuit court's general authority to alter or amend a sentence. Leverette pled guilty during the regular term of court. Sentencing was postponed until completion of a presentence report, which led to imposition of sentence during the vacation period after the term expired. The authority of the circuit court judge to reconsider his sentence in vacation is therefore the procedural issue.
¶ 11. A circuit court judge may not alter a sentence imposed during a term of court once the term has ended. Mississippi Comm'n on Judicial Performance v. Russell, 691 So.2d 929, 944 (Miss.1997). In Russell, the Supreme Court suggested that a circuit court has "inherent authority" to alter a sentence until a regular term of court expires. Id. That authority would not be usable here because the sentence was imposed during vacation.
¶ 12. One possibility on these facts is that by analogy from Russell, until a vacation period ends, a trial court can amend a sentence that was first pronounced in vacation. The result of that conclusion would be to give a trial court potentially longer-lasting authority during vacation than the judge has in term-time. However, outside of the regular term, a circuit court may only act if granted authority by statute; any act undertaken that is not authorized by statute is a nullity. Hyde Constr. Co. v. Highway Materials Co., 248 Miss. 564, 574, 159 So.2d 170, 174 (1963).
¶ 13. A circuit court judge has by statute the jurisdiction to hear a criminal matter in vacation in the same manner as the judge would in a regular term and may enter "judgments, orders and decrees" if the matter was "pending" and "triable at the preceding term." Miss.Code Ann. § 11-1-16(1)(Rev.1991). The "judgments, orders, and decrees" entered by a circuit court judge in vacation have the same "force and effect" as they would if entered *245 during a regular term of court. Id. Specifically relevant here, a criminal defendant may during vacation appear before a circuit court judge, be arraigned, and be sentenced. Miss.Code Ann. § 99-15-25(1) (Rev.2000). The court is granted the authority to impose sentence as the judge would have in the regular term. Id.
¶ 14. The Supreme Court has previously attempted to map the relative power of circuit courts in term time and in vacation, and found that "the task of making an accurate survey of the limit of the circuit court's authority remains difficult, and the boundary elusive." Griffin v. State, 565 So.2d 545, 548 (Miss.1990). While the circuit court judge had the authority to enter a judgment and sentence during vacation, we have been unable to find any statutory authority or court precedent that grants to a trial court the explicit or implied power to alter, amend, or vacate a sentence imposed during vacation. We find that the result that is most consistent with case law such as Russell is that once the sentence is pronounced in vacation, there is no right to amend. To grant inherent power to amend a sentence pronounced in vacation is too open-ended, creating in some counties with only two terms of court per year what could be an almost six-month window to alter a sentence. It is evident from decisions such as Russell that the Supreme Court has found that some judges too readily have sought to exercise authority over altering sentences. It would be inconsistent with this clearly limited authority during the few weeks of term-time to grant months-worth of authority during vacation.
¶ 15. Leverette's motion was properly denied as procedurally improper.

2. Disproportionate Sentence
¶ 16. The motion to alter the sentence was properly denied. The separate question of whether Leverette's sentence was invalid because it was disproportionate to Wright's is before us despite the improper effort to amend in the trial court. The sentence was announced on December 11, 2000. Leverette's motion to alter and for other relief was filed on December 21. The court ruled on that motion in an order filed on January 4, 2001. Appeal was taken on January 11, 2001. Therefore, the notice of appeal was filed within the thirty days for taking an appeal from the sentence. The detour onto the road of a motion to alter the sentence did not prevent a timely appeal
¶ 17. A defendant in some circumstances has the right to appeal his sentence even after a guilty plea sentence. Acker v. State, 797 So.2d 966, 967 (Miss. 2001). Leverette asserts error simply because his sentence is longer than his coindictee's sentence. Disparate sentences among co-defendants may occasionally be defective. If a defendant who insists on a trial receives a harsher sentence than does a co-defendant who pled guilty, that can raise significant Sixth Amendment issues regarding the unfettered right to a jury trial. Lawson v. State, 748 So.2d 96, 99-100 (Miss.1999); McGilvery v. State, 540 So.2d 41, 42 (Miss.1989). Those concerns do not exist here, as both Leverette and Wright entered guilty pleas.
¶ 18. Different judges evaluating different men who committed the same crime reached different conclusions about a proper-length sentence. A trial judge may in his sole discretion impose any sentence that is within the statutory guidelines for a particular crime, and a sentence within the statutory guidelines is usually not reviewable. Young v. State, 731 So.2d 1120, 1124 (Miss.1999). Both Leverette and Wright's sentences were within the statutory range.
*246 ¶ 19. It is true that the judge who sentenced Arkansas-resident Leverette stated that "it looks like we need to close this Arkansas bridge and put something else in there." This does not raise an issue of sentencing impropriety, especially since this judge is not the one who sentenced the Mississippi-resident Wright to a slightly lesser sentence. We find no invalidity in the sentence.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF TUNICA COUNTY DENYING POST CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER and BRANTLEY, JJ., CONCUR.