933 So.2d 1008 (2006)
James Buster SMITH, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-CA-01194-COA.
Court of Appeals of Mississippi.
July 18, 2006.
James D. Mino, attorney for appellant.
Office of the Attorney General, by John R. Henry, attorney for appellee.
Before MYERS, P.J., SOUTHWICK and BARNES, JJ.
BARNES, J., for the Court.
¶ 1. James "Buster" Smith appeals from the judgment of the Circuit Court of Chickasaw County dismissing his motion for post-conviction relief for lack of jurisdiction. We find that the circuit court correctly applied the plain language of Mississippi Code Annotated Section 99-39-5(2) in dismissing Smith's motion. Accordingly, we affirm.

*1009 STATEMENT OF FACTS AND PROCEDURAL HISTORY
¶ 2. Smith was indicted on September 1, 1999, on one count of manufacture of crystal methamphetamine, and one count of possession of crystal methamphetamine with intent to distribute. Also named under both counts in the indictment was Lisa Gray. Smith pled guilty to both counts on December 7, 1999, and Gray also pled guilty. A sentencing hearing was held for Smith on June 12, 2000, at the conclusion of which he was sentenced to a term of fifteen years for each count of the indictment, with five years suspended, ten to serve, and the sentences to run concurrently. Gray was sentenced separately on March 27, 2000, to a term of fifteen years, with seven suspended and eight to serve, and was placed on the house arrest program.
¶ 3. On February 11, 2004, Smith filed the instant motion for post-conviction relief. In his motion, Smith alleged that his co-defendant Gray had produced new evidence and had been re-sentenced to the time she had already served. Smith therefore argued that there was a disparity in sentencing, and asked the court to reduce his sentence in the same manner that Gray's had been reduced. The circuit court granted an evidentiary hearing.
¶ 4. At the hearing, the circuit court addressed the issue of the three-year statute of limitations for post-conviction motions, which had already expired at the time Smith filed his motion. Smith testified at the hearing, but introduced no new evidence regarding his conviction. Smith submitted to the court a copy of an order which resentenced Gray to the time she had already served. The copy of Gray's order stated that Gray had been resentenced because of the introduction of "new evidence," although it was not specific as to what this new evidence was.
¶ 5. At the conclusion of the hearing, the circuit judge denied Smith's motion on the ground that it was barred by the statute of limitations. Aggrieved, Smith appeals arguing that (1) the statute of limitations found in Mississippi Code Annotated Section 99-39-5(2) is tolled when a co-defendant is resentenced and (2) there is a disparity between his sentence and the reduced sentence which was later given to Gray. We find that the trial court properly denied Smith's motion as being procedurally barred by the statute of limitations; Smith introduced no new evidence which would remove his case from the statutory bar.

STANDARD OF REVIEW
¶ 6. Our standard of review on motions for post-conviction relief in which an evidentiary hearing was held is the clearly erroneous standard. Johns v. State, 926 So.2d 188, 194(¶ 29) (Miss.2006) (citing Reynolds v. State, 521 So.2d 914, 918 (Miss.1988)). However, on questions of law, our standard of review is de novo. Pace v. State, 770 So.2d 1052, 1053(¶ 4) (Miss.Ct.App.2000).

ISSUES AND ANALYSIS

I. Whether the three-year statute of limitations on motions for post-conviction relief is tolled by the resentencing of a co-defendant.
¶ 7. Smith argues that the statute of limitations should be tolled from the date that his co-defendant was resentenced. In support of his argument, Smith analogizes civil cases where statutes of limitation only begin to run from the date that the cause of action accrues. Thus, Smith states that the "cause of action," disparate sentencing, "accrued" on the date that Gray was resentenced. Smith also argues that the statute should be *1010 tolled under the precedent of Puckett v. State, 834 So.2d 676, 678(¶ 11) (Miss.2000), which held that "when a party is prohibited from exercising his right to proceed by circumstances, which are clearly beyond his control and rise to such a dimension as to implicate due process and fundamental fairness, the Court may and should toll the limitations for the period of the impairment." Thus, Smith argues that, because his sentence was disparate from that of Gray following her resentencing, this disparate sentence violated his due process rights, and was a constitutional issue which justified tolling of the statute.
¶ 8. We reject Smith's arguments. Mississippi Code Annotated Section 99-39-5(2) provides, in relevant part:
A motion for relief under this article shall be made within three (3) years after the time in which the prisoner's direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction. Excepted from this three-year statute of limitations are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence.
The statute is plain and unambiguous. It specifically provides that the three year time period begins to run from one of three dates: the date of dismissal of a prisoner's direct appeal, the date of a judgment of conviction or sentence has expired, or, in the case of a guilty plea, the date of the judgment of conviction. In the instant case, Smith pled guilty. Thus, the statute began to run from the date of the judgment of conviction, which was entered at Smith's sentencing hearing on June 12, 2000. When Smith filed his motion for post-conviction relief on February 11, 2004, it was time-barred, and the trial judge properly dismissed it on that ground.
¶ 9. Smith offers no Mississippi cases which support his contention that the statute should be tolled from the date that his co-defendant was resentenced. This being the case, we decline to carve out the exception he seeks. The only exceptions to the date on which the three-year period begins are provided in the statute:
[T]hose cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence.
In this case, Smith has not cited an intervening decision which would adversely affect the outcome of his conviction.[1] Nor has he introduced any new evidence not reasonably discoverable at the time of trial which would have impacted his plea or *1011 conviction. All of Smith's testimony related to evidence which was available at the time of his guilty plea. Because he introduced no new evidence, such an argument is improper on a motion for post-conviction relief. Smith alludes to new evidence which was introduced at Gray's evidentiary hearing, and which apparently was the basis for Gray's sentence being reduced, but he does not specifically state what this evidence was. Rather, Smith's entire testimony at the evidentiary hearing appears to be nothing more than a denial of guilt.
¶ 10. Finally, we reject Smith's argument that the statute should be tolled pursuant to Puckett v. State because his motion involves the constitutional ground of due process. The court in Puckett was faced with a prisoner who had been convicted of capital murder and sentenced to death. Puckett, 834 So.2d at 676(¶ 2). Due to circumstances beyond his control, the prisoner had not been able to file his motion for post-conviction relief within the one-year statute of limitation in section 99-39-5(2). Id. at 679(¶ 14). The Mississippi Supreme Court, commenting on the federal rule, stated that the doctrine of equitable tolling of the statute of limitations "should only be applied in rare and exceptional circumstances." Id. at (¶ 13). "The doctrine may be applied when a movant filed in untimely fashion due to extraordinary circumstances which are both beyond his control and unavoidable even in the exercise of due diligence." Id. (citing Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir.1999)). The court also held that "[w]hile other jurisdictions have applied the doctrine of equitable tolling to non-capital cases, we do not do so today; the fact that Puckett is under a sentence of death and subject to a shortened one year statute of limitations weighs heavily in this decision." Id. at (¶ 17).
¶ 11. The instant case clearly does not involve a prisoner who has been convicted of a capital crime and sentenced to death. Further, Smith has not shown that he did not file his motion within the applicable statutory time period due to extraordinary circumstances that were beyond his control. In fact, Smith had approximately nine months in which to file his motion between the time that Gray was resentenced and the time when the three-year statutory period expired. For these reasons, Puckett is simply inapplicable, and we decline to extend that narrow ruling to the instant case.

II. Whether Smith was sentenced disparately from his co-defendant.
¶ 12. Smith argues that the reduced sentence given to Gray was disparate when compared to the original sentence given to him. He therefore argues that this court should require the trial court to review "the proportionality of his sentence." In support of his argument, Smith cites McGilvery v. State, 497 So.2d 67, 69 (Miss.1986).
¶ 13. We find McGilvery to be inapplicable to the case at hand. In McGilvery, the court was concerned that a defendant who had insisted upon a jury trial was sentenced to a longer prison sentence than a co-defendant who had pled guilty. McGilvery, 497 So.2d at 69. The court noted that, if the trial court imposed a harsher sentence on the defendant who had insisted on the jury trial as punishment for not agreeing to a plea, then the harsher sentence would be a disincentive to the defendant's demanding a jury trial, and this would impermissibly infringe on his Sixth Amendment right to trial by jury. Id. Although the court in McGilvery did not overturn the sentence of the defendant who had insisted on a jury trial, it did remand with instructions that the trial court "state for the record appropriate *1012 reasons for the disparity" in sentencing. Id.
¶ 14. In the instant case, however, both defendants pled guilty. At no point did Smith insist upon a jury trial. In this respect, the instant case is analogous to Leverette v. State, 812 So.2d 241, 245(¶ 17) (Miss.Ct.App.2002), which involved a defendant who asserted "error simply because his sentence [was] longer than his co-indictee's sentence." In Leverette, both defendants had pled guilty. Id. We noted that "[i]f a defendant who insists on a trial receives a harsher sentence than does a co-defendant who pled guilty, that can raise significant Sixth Amendment issues regarding the unfettered right to a jury trial." Id. (citing Lawson v. State, 748 So.2d 96, 99-100 (Miss.1999); McGilvery v. State, 540 So.2d 41, 42 (Miss.1989)). We found, however, that those Sixth Amendment concerns were not present because both of the defendants had pled guilty. Id. Likewise, the sentencing in this case raises no Sixth Amendment issues because Smith never asserted his right to a jury trial. This argument is without merit.
¶ 15. Accordingly, we affirm the judgment of the circuit court dismissing Smith's motion.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF CHICKASAW COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, ISHEE AND ROBERTS, JJ., CONCUR.
NOTES
[1] At the evidentiary hearing, Smith's attorney argued that the resentencing of his co-defendant was an "intervening decision." This argument has not been advanced on appeal.